J-S44020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GEORGE DENTON MARTIN | : | |
| | : | |
| Appellant | : | No. 704 MDA 2022 |

Appeal from the PCRA Order Entered March 3, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004746-2012

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: APRIL 3, 2023**

George Denton Martin appeals *pro se* from the order dismissing his serial Post Conviction Relief Act ("PCRA") petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. Martin argues his guilty plea was unlawfully induced. We affirm.

Martin pleaded guilty on February 27, 2013, to involuntary deviate sexual intercourse with a child[1] and related charges for offenses he committed in 2011. Pursuant to a plea agreement, the court sentenced Martin to an aggregate of eight to 20 years' incarceration. The written plea agreement and guilty plea colloquy did not address registration and reporting requirements for sex offenders, and the Commonwealth's recitation of the plea agreement at the hearing did not reference registration and reporting requirements.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. § 3123(b).

However, the parties referenced Martin's duty to register as a sex offender under Megan's Law. The Sentencing Conditions Order also stated that Megan's Law would apply, as did the Notification of Registration Requirements Martin signed. Megan's Law had recently expired on December 20, 2012, when the Sex Offender Registration and Notification Act ("SORNA") took effect. **See** 42 Pa.C.S.A. § 9799.41.

Martin filed his first PCRA petition in 2014. The PCRA court denied relief, and we affirmed.[2] Martin's second PCRA petition was dismissed as untimely; we again affirmed.[3]

Martin filed a third PCRA petition. Of note, Martin sought, *inter alia*, to enforce registration under Megan's Law under the purported terms of his plea agreement. He also argued that his plea agreement had been rendered unenforceable by the enactment of SORNA and "demand[ed] the withdrawal of the current plea agreement." Third PCRA Pet., 12/18/18, at 9 (emphasis in original). The PCRA court dismissed the petition, and Martin appealed, but discontinued the appeal.[4]

Martin filed a "Motion to enforce plea agreement/Writ of Habeas Corpus." In it, he again sought the application of Megan's Law requirements

---

[2] **See Commonwealth v. Martin**, 1441 MDA 2014 (Pa.Super. Feb. 11, 2015) (unpub. mem.).

[3] **See Commonwealth v. Martin**, 1545 MDA 2017 (Pa.Super. Oct. 11, 2018) (unpub. mem.)

[4] **See Commonwealth v. Martin**, 669 MDA 2019, Certificate of Discontinuance, 5/10/19.

under the alleged terms of his plea deal. He simultaneously argued the court lacked authority to impose Megan's Law, and "the only option is to void the existing plea." Mot., 5/1/19, at 2. The Common Pleas Court construed the motion as an untimely PCRA filing — Martin's fourth — and we affirmed its dismissal. **Commonwealth v. Martin**, 898 MDA 2019 (Pa.Super. Dec. 24, 2019) (unpub. mem.).

Martin submitted another filing to the lower court, in February 2020, styled as "Motion to Enforce Plea Agreement." He once again argued that he should not be subject to sex offender registration under SORNA because his plea deal allegedly contemplated registration under the less "onerous" Megan's Law.[5] **Commonwealth v. Martin**, 248 A.3d 496, at *3 (Pa.Super. Jan. 22, 2021) (unpub. mem.), *appeal denied*, 260 A.3d 73 (Pa. Aug. 3. 2021). Like Martin's previous motion, the Court of Common Pleas treated the motion as an untimely serial PCRA petition and dismissed it. On appeal, we held that the motion, as a challenge to Martin's reporting requirements, did not fall within the PCRA, and was therefore not barred by the PCRA's time limitations. However, we affirmed the denial of relief, finding neither Martin's written plea agreement nor the oral recitation of the agreement referenced registration and reporting requirements, and therefore which requirements would apply to Martin, if any, had not been a part of his plea deal. **See id.** at *4-*5.

---

[5] Martin argued at the same time that he should not be subject to reporting under Megan's law, as its final version was ruled unconstitutional in **Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013).

Martin filed the instant PCRA petition, his fifth, *pro se*, on October 21, 2021. In it, Martin argued his plea was not entered knowingly, intelligently, and voluntarily because he believed that, as part of his plea agreement, he would be subject to reporting requirements under Megan's Law rather than SORNA, and this belief induced him to plead guilty. He claimed that before he entered his plea, he was given two forms to sign: an "Explanation of Megan's Law rights" and "Notification of Registration Requirements," neither of which referenced SORNA. He argued that neither his counsel, the Commonwealth, nor the court informed him that SORNA applied to his case. He claims "[t]he utter lack of mention during plea negotiation, plea proceedings, or sentencing, of anything but 'Megan's Law' would lead any person to believe this was a part of [the] plea agreement." PCRA Pet., 10/21/21, at 4. He argued that per **Commonwealth v. Hart**, 174 A.3d 660 (Pa.Super. 2017), his registration requirements under SORNA constitute punishment, and because he was not apprised of them before pleading guilty, he has suffered a manifest injustice sufficient to invalidate his plea.

Martin further asserted his petition was timely under 42 Pa.C.S.A. § 9545(b)(1)(ii), because it was based on facts previously unknown that could not have been ascertained by the exercise of due diligence. He alleged that he did not learn his registration requirements were not part of his plea agreement until reading our previous decision in his case, on January 22, 2021. Martin contended that even the trial court had believed registration under Megan's Law was part of his plea deal, citing the court's opinion

following its denial of his first PCRA petition. He said that he filed the instant petition as soon as possible once the Supreme Court had denied his petition for allowance of appeal of our January 22, 2021 decision. Martin asserted the number of petitions he has filed in this case demonstrate the extremity of his due diligence.

The PCRA court issued Rule 907 notice of intent to dismiss. **See** Pa.R.Crim.P. 907. The court found that (1) Martin had waived the validity of his plea by failing to raise it at the time of sentencing, in a post-sentence motion, or on direct appeal; (2) the claim that his plea was invalid because it was based on the incorrect reporting requirements had been previously raised and abandoned; (3) the petition was untimely; and (4) Martin had been advised at the sentencing hearing that he would be required to register with the Pennsylvania State Police for the rest of his life. Rule 907 Notice, 12/28/21, at 3-4. Martin responded.[6] The court found that Martin had not raised any new claims and dismissed the petition. Martin appealed.

Martin raises the following issues:

> [1.] Did the lower court err when it claimed [Martin]'s petition was untimely, or, did not contain an exception to the timeliness of petitions codified at 42 Pa.C.S.[A. §§] 9541-9546?

---

[6] Due to an administrative delay, Martin's response was not docketed for several weeks after it was received. In the interim, believing Martin had failed to respond to the Rule 907 notice, the court dismissed the petition, and Martin appealed from the dismissal. After receiving Martin's response to the Rule 907 notice, the court vacated the order dismissing the petition, and we dismissed Martin's appeal from that order as moot. **See** Order, No. 427 MDA 2022, 6/27/22 (per curiam).

[2.] Did the lower court err when it refused to permit [Martin] to withdraw his guilty plea, where the plea was not knowing, voluntary, or intelligent, because [Martin] was never advised that his plea would require him to register as a sex offender under SORNA?

Martin's Br. at 6 (unpaginated) (Martin's answers omitted). The Commonwealth has not filed a brief.

As a preliminary matter, we address whether Martin's claim falls within the confines of the PCRA. As we observed in our previous decision in this case, a motion to enforce a plea agreement is not subject to the PCRA. ***See Martin***, 2021 WL 223815 at *4 (citing ***Commonwealth v. Kerns***, 220 A.3d 607, 611-12 (Pa.Super. 2019)); ***see also Commonwealth v. Lacombe***, 234 A.3d 602, 617-18 (Pa. 2020) (holding challenges to sex offender registration statutes are not subject to the PCRA).

Here, however, Martin does not challenge his registration requirements or seek to enforce his plea deal. Rather, he alleges that the court's failure to properly advise him of his reporting requirements rendered his plea invalid. Such a claim is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(iii) (stating relief is available under the PCRA where "the conviction or sentence resulted" from "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent"); ***Commonwealth v. Oliver***, 128 A.3d 1275, 1280 (Pa.Super. 2015).

We now must determine if the petition was timely. We review an order denying PCRA relief to determine whether the decision "is supported by the

evidence of record and is free of legal error." ***Commonwealth v. Midgley***, 2023 PA Super 18 (Feb. 7, 2023) (quoting ***Commonwealth v. Larkin***, 235 A.3d 350, 355 (Pa.Super. 2020) (*en banc*)). We will not disturb the PCRA court's findings unless they lack support in the certified record. ***Id.***

It is a jurisdictional prerequisite to relief that a PCRA petition must be filed within the PCRA's time limitations. ***Commonwealth v. Fahy***, 737 A.2d 214, 222 (Pa. 1999). The petitioner must file it within one year of the date the judgment of sentence becomes final,[7] or the petitioner must plead and prove at least one of three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

Here, Martin claims that his petition was timely under the "unknown fact" exception. He argues his claim is premised upon the "unknown fact" that his plea deal did not cover his sex offender registration and reporting

---

[7] For PCRA purposes, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

requirements. Martin asserts that he first learned this "fact" when he read our January 2021 decision. To the extent he predicates his timeliness claim on our decision, judicial determinations do not constitute "facts" under this timeliness exception. **Commonwealth v. Watts**, 23 A.3d 980, 986 (Pa. 2011). Moreover, the exact terms of Martin's plea agreement date back to the time of the agreement. He does not offer any reason they could not have been ascertained earlier. His claim to the "unknown fact" exception fails.

Even if we were to consider his petition timely, or not subject to the PCRA's timeliness requirements, Martin would be due no relief. He argues that he was incorrectly advised he would be subject to the registration and reporting requirements of Megan's Law rather than SORNA, and that this induced him to plead guilty. He cites **Hart** for the proposition that SORNA's requirements are punitive, and their imposition therefore increase the sentence which he agreed to serve.

In **Hart**, we held that because the defendant had not been apprised of the then-existing registration requirements — requirements that were punitive in nature — prior to entering a plea of *nolo contendere*, his plea "was not tendered in a knowing, voluntary and intelligent fashion." **Hart**, 174 A.3d at 669. We observed that in contrast, Megan's Law registration requirements were a civil, collateral consequence of a plea, and a defendant's lack of knowledge of them did not invalidate the defendant's guilty plea. **Id.** at 667 (citing **Commonwealth v. Leidig**, 956 A.2d 399, 406 (Pa. 2008)); **see also id.** at 665 (explaining that under Pennsylvania law, "when a defendant is not

made aware of a given consequence of his or her guilty plea, relief must be based upon a determination of whether the consequence at issue was a 'direct' or 'collateral' consequence of the plea, with only the former warranting a remedy").

Here, Martin committed his sex offenses while Megan's Law was still in effect. He is therefore subject to registration and reporting requirements under Subchapter I of SORNA. **See** 42 Pa.C.S.A. § 9799.52. This subchapter was added to SORNA in 2018, after **Hart** was decided. Unlike the punitive requirements of Subchapter H (*i.e.*, SORNA as it existed at the time of the **Hart** decision), which now only apply to offenses committed after the enactment of SORNA, the requirements of Subchapter I, like Megan's Law, are non-punitive. **Lacombe**, 234 A.3d at 626. As such, they are collateral consequences of a guilty plea, and the court's failure to advise Martin of their application does not render his plea invalid.[8]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/03/2023

---

[8] **See Commonwealth v. Cooper**, Nos. 1748 & 1749 EDA 2021, 2022 WL 3590997 at *3 (Pa.Super. 2022) (unpub. memo.).