J-A16034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  ESTATE OF HERMAN EDWARD RAWLINGS, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  EDWARD D. RAWLINGS, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF ESTATE OF HERMAN E. RAWLINGS, DECEASED, ANN R. HOOVER AND AMY R. WILLIAMS | : : : : : : : | No. 1208 WDA 2023 |

Appeal from the Order Entered September 13, 2023
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  02-15-4373

BEFORE:  KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:　　　　　　**FILED:  December 3, 2024**

In this third appeal in this matter, Edward D. Rawlings ("Edward"), both as executor of the estate of his father, Herman E. Rawlings ("Herman"), and in his individual capacity, appeals from the order directing Herman's estate to pay the estate of Herman's late wife, Mary Belle Rawlings ("Mary Belle"), $973,000. Edward's sisters Ann R. Hoover and Amy R. Williams have also appealed (all three collectively will be referred to as "the Children").

This Court had previously remanded for the orphans' court to determine whether there was a conflict of interest between the Children and Herman's estate, such that they could not be represented by the same counsel. We also directed the lower court to determine whether the Children had committed waiver by failing to raise issues in a previous appeal, or whether the doctrine

of the law of the case applied to the Children's claims in that appeal, because Children were not parties to the prior appeal. We dismiss the appeal.

Herman died in 2015, and Edward became the executor of his estate. Herman's last will and testament listed the Children, who are his children from a previous marriage, as the sole beneficiaries of his estate.

Mary Belle, his surviving spouse, filed a Petition for Rule/Citation to Show Cause Why Funds Should Not Be Returned to the Estate. She alleged that in 2011, she had given Herman $1,000,000 to open an investment account to be used to pay the monthly fees for the retirement community where they resided, Longwood. Mary Belle alleged that the estate's Inheritance Tax Return shows that in 2014, Herman gifted each of the Children $100,000, and in 2015, shortly before his death, he transferred a total of $830,251.56 from two annuities and a managed investment account to the Children. She alleged that the transfers Herman made violated the Pennsylvania Uniform Fraudulent Transactions Act and depleted Herman's estate such that it did not have sufficient funds to cover Mary Belle's $1,000,000 claim. She requested the court order the Children to pay the estate the money they had received from Herman in 2014 and 2015.

The court issued a rule to Edward and a citation to Hoover and Williams. Thereafter, the Children and Herman's estate utilized the same attorney for their legal representation: Thomas J. Dempsey, Jr., Esquire.

The Children and the estate filed joint Preliminary Objections Raising Issues of Fact. Mary Belle responded by filing an Amended Petition to Show

Cause Why Funds Should Not Be Returned to the Estate. The Children and Herman's estate did not file preliminary objections to the Amended Petition.

The Children instead filed an Answer and New Matter, again asserting that the money Mary Belle had transferred had been a gift to Herman. They also asserted that Mary Belle's claim was barred by the statute of limitations and her waiver of a share of Herman's estate. Mary Belle filed a Reply to the New Matter. The court ordered discovery and pre-trial statements and scheduled a trial.

The court held a trial at which Mary Belle and the Children testified. Following trial, the court issued an opinion and order stating it found Mary Bell's testimony to be credible. Memorandum Opinion and Order of Court, 1/25/18, at 4. However, it found that she was not entitled to her full $1,000,000 claim, because the account had been intended to pay for her monthly expenses at Longwood while she resided there. The court ordered Herman's estate to pay Mary Belle $300,000, without explaining how it arrived at this figure. The court did not rule on Mary Belle's request that it order the Children to repay Herman's estate.

Herman's estate appealed, and Mary Belle cross-appealed. Notably, the Children did not appeal.

In its opinion, the orphan's court explained it had found Mary Belle's claim was not barred by the statute of limitations applicable to contract actions, the Dead Man's Act, or her waiver of an elective share of Herman's

estate. It also found that Mary Belle produced clear and convincing evidence to support her claim. Trial Court Opinion, 4/10/18, at 4-6.

Regarding the cross-appeal, the court explained that it "made its own calculations" when determining that the estate owed her $300,000, because "counsel" had not provided the court "with details as to the expenses and deposits." *Id.* at 6. The court also acknowledged that it failed to rule on Mary Belle's request that the Children be ordered to repay Herman's estate, stating that the issue had not been "addressed to the Court at the time of the hearing, [and] the Court was not aware that the funds in the estate would be insufficient to satisfy the claim." *Id.* The court requested we remand "on this sole issue to permit the Court to amend the Order to direct the adult beneficiaries to return the improperly distributed funds to the estate." *Id.* at 7.

On the estate's appeal, this Court affirmed that Mary Belle's testimony was admissible under the *devisavit vel non* exception to the Dead Man's Act, because Mary Belle alleged that Herman had held her property in a constructive trust. *See In re Est. of Rawlings*, No. 274 WDA 2018, 2019 WL 3290643 at *3-*4 (Pa.Super. filed July 22, 2019) (unpub. memo.) ("*Rawlings I*"). We also found Herman's estate had waived its argument that Mary Belle had presented conflicting, rather than clear and convincing, evidence, because the estate failed to provide any citations to the record. *Id.* at *5-*6.

Regarding Mary Belle's cross-appeal, we found the court's finding that the Longwood account was significantly depleted at the time of Herman's death, and its decision to award Mary Belle $300,000 on her $1,000,000 claim, was based on insufficient evidence. We therefore reversed the order and remanded for the court to recalculate the amount Herman's estate owed to Mary Belle. *Id.* at *7-*8. We also remanded so that the trial court could rule on Mary Belle's request that the Children be directed to repay the estate. *Id.* at *7.[1]

Mary Belle died before the remand proceedings could take place, and her estate was substituted for her as the plaintiff in this action. Following a hearing, the court ordered Herman's estate to pay Mary Belle's estate $973,000 and explained how it arrived at that figure. The court also ordered the Children to repay Herman's estate within 30 days.

Herman's estate and the Children (collectively, "Appellants") appealed. In its Rule 1925(a) opinion, the orphans' court stated it found Appellants had waived the issues they listed in their 1925(b) statement by failing to raise them during *Rawlings I*, and that considering these issues was not within the scope of the remand following that appeal. Trial Court Opinion, 4/6/22, at 4-5 (unpaginated).

In a judgment order, we reversed and remanded, based on two procedural issues. *See In re Est. of Rawlings*, No. 209 WDA 2022, 2023 WL

---

[1] The estate petitioned the Supreme Court for allowance of appeal. The petition was denied.

1773074 (Pa.Super. filed Feb. 6, 2023) (unpub. memo.) ("***Rawlings II***"). First, we *sua sponte* directed the court to determine whether there was a conflict of interest between the Children, as debtors to the Herman's estate, and Herman's estate, as the party owed the debt. Second, we ordered the court to reconsider its finding that the Children had waived any issues, or that the issues were otherwise barred by ***Rawlings I***, because the Children did not appear to have been aggrieved by the order under appeal in ***Rawlings I*** and accordingly had not been parties to that appeal.

On remand, the orphan's court held argument and on September 12, 2023, it issued a memorandum opinion and order. It again directed Herman's estate to pay Mary Belle's estate $973,000 and again directed the Children to repay the funds to Herman's estate. The court found there was no conflict of interest, and that regardless, both the estate and the Children had waived any potential conflict of interest. Memorandum Opinion and Order of Court, 9/12/23, at 3.

The court next held the Children were in privity with the estate and therefore should have raised the issues on appeal in ***Rawlings I***:

> The Court finds that [the estate and the Children] are absolutely in privity—they have exactly the same interests. The [C]hildren are protecting their own interests by raising a number of defenses. The [e]xecutor, on behalf of the [e]state, of which the [C]hildren are the sole beneficiaries, protects the interests of the estate by having raised precisely the same defenses.

*Id.* at 4. Nonetheless, the court addressed the merits of the Children's issues, "out of an abundance of caution and to, hopefully, avoid another remand[.]" *Id.*

Appellants again appealed. The trial court directed them to file and serve a Rule 1925(b) statement. They complied. However, instead of arguing the two procedural issues for which we remanded in *Rawlings II*, Appellants raised the same substantive issues they raised in *Rawlings II*. None of these issues challenge whether the trial court erred in concluding those issues had been waived or precluded by *Rawlings I*. The nine issues they raised in their instant Rule 1925(b) statement were as follows:

1. By allowing the introduction of and by relying upon the testimony and self-serving documentary evidence of Mary Belle Rawlings' ("Claimant") claim based on an *inter vivos* oral agreement between herself and Herman E. Rawlings ("Decedent"), in violation of the Dead Man's Act (20 Pa.C.S. §5930).

2. By allowing Claimant's claim against Decedent's estate to proceed despite the bar of the applicable statute of limitations.

3. By finding that Claimant's evidence in support of her claim met the clearing [sic] and convincing burden of proof despite the legally insufficient and self-contradictory nature of that evidence.

4. By allowing Claimant's claim to proceed despite her waiver of any claim against Decedent's estate, including any claim derived from the transfer of any property by Decedent within one year prior to his death, pursuant to a voluntarily executed waiver of her elective share.

5. By ignoring the uncontradicted, credible, material evidence that established that Claimant, as settlor/trustee of a revocable trust, lacked capacity to execute a revocation of the trust that was the entity that transferred money to Decedent, and allow

substitution of the personal representative of the settlor's decedent's estate to advance the claim that belonged to the settlor, as trustee.

6. By imposing personal liability on Decedent's children in the absence of any evidence of legal theory that they acted in a manner which would warrant imposition of personal liability to Claimant, an unrelated person, for Decedent's alleged debt.

7. By imposing personal liability to Claimant on Decedent's children as donees of *inter vivos* gifts from Decedent in the absence of any legal or contractual relationship between Claimant and Decedent's children.

8. By holding that the settlor of a self-settled revocable *inter vivos* trust in her individual capacity is legally identical to the trustee or beneficiary of the trust as to property held in trust.

9. By holding that the Court could direct payment of claimant's claim against Decedent's estate without support of law or fact as for the foregoing reasons.

Concise Statement of Matters Complained of on Appeal, filed Nov. 6, 2023.

In contrast, Appellants' brief addresses two different issues, those for which we remanded in **Rawlings II**:

1. Whether there is a conflict of interest regarding Thomas J. Dempsey, Jr.'s representation of both [Herman's estate] and the [Children]?

2. Whether [the Children's] claims are barred by the law of the case or collateral estoppel doctrines?

Appellants' Br. at 4.

Mary Belle's estate argues that we should dismiss this appeal because neither Appellants' Rule 1925(b) statement nor their docketing statement includes the two issues they argue in their brief. Mary Belle's estate further asserts that because Appellants did not include in their instant brief any

argument on the issues in their Rule 1925(b) statement, they have waived them, as well.

An appellant waives issues by failing to include them in a timely Rule 1925(b) statement, if the court orders them to file one. **See** Pa.R.A.P. 1925(b)(4)(vii).

Here, our remand in **Rawlings II** required the court to reexamine the threshold procedural issue of whether Appellants' **Rawlings II** issues were waived or precluded by **Rawlings I**. The order under appeal addresses that issue. Yet, Appellants failed to raise it in their Rule 1925(b) statement. We therefore find it waived pursuant to Rule 1925(b). We further conclude that the substantive issues identified in their 1925(b) statement are waived because Appellants' brief makes no argument on them. **See Commonwealth v. Midgley**, 289 A.3d 1111, 1120 (Pa.Super. 2023).

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/03/2024