J-S28019-22

2023 PA Super 18

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      : PENNSYLVANIA
                                      :
            v.                        :
                                      :
                                      :
                                      :
MICHAEL MIDGLEY                       :
                                      :
            Appellant                 : No. 166 MDA 2022

Appeal from the PCRA Order Entered December 10, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001781-2018

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

OPINION BY McLAUGHLIN, J.:                    **FILED: FEBRUARY 7, 2023**

Michael Midgley appeals the denial of his petition for relief under the
Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. He claims
that his petition raised meritorious claims. He also maintains that the court
erred in denying his request to proceed *pro se*, appointing counsel, and not
responding to his motion to dismiss the appointment. He further claims that
PCRA counsel was ineffective. We affirm.

Midgley pleaded guilty in January 2019 to two counts of simple assault
and one count of terroristic threats.[1] Paragraph 13 of the written guilty plea
reads as follows:

> 13. State specifically in detail any plea agreement with the
> District Attorney
>
>     Plea (M2), (M2), (M1) all other charges NP'd

---

[1] 18 Pa.C.S.A. §§ 2701(a)(2) and 2706(a)(1), respectively.

> (M1) stipulated
>
> C/W does not oppose a probationary sentence on terroristic threats

Guilty Plea Colloquy, dated 1/31/19, at ¶ 13. Midgley also signed "Yes" to the question in the colloquy that read "Do you understand that the Court is not bound by the agreement you made with the District Attorney?" *Id.* at ¶ 14.

At the guilty plea hearing, the Commonwealth stated that it "would have no objection to the terroristic threats [being] treated as a long tail of supervision if the Court believes that that's appropriate." N.T., Guilty Plea Hearing, 1/31/19, at 2. Counsel for Midgley stated that the parties had stipulated that the Commonwealth "is not going to ask for [prison] time on the terroristic threats." *Id.* at 3. The court noted that the guilty plea colloquy form read "stipulated probation" but asked for clarity regarding whether that meant the Commonwealth did not oppose probation. *Id.* The Commonwealth agreed that as to the charge of terroristic threats, it did not oppose probation. *Id.* Relevant to this appeal, the court engaged in an oral colloquy with Midgley regarding the stipulation.

> Q [The Court]: The attorneys have just stated on the record that it's their belief based on the way the information is charged there is no merger and that I have the ability to run the sentences consecutive, so if I did that your maximum exposure here today, sir, is nine years and/or $20,000. Do you understand that?
>
> A [Midgley]: I do, your Honor. When I spoke with my attorney he said that that would be stipulated for the terroristic threats.

Q: That's what we are here to talk about it. It's no longer stipulated. There is no guarantee of probation as a tail on the terroristic threats, do you understand that?

A: I do understand it now.

[Defense Counsel]: It's not a closed agreement, it's that [the Commonwealth] is not - - -

[The Commonwealth]: If the judge disagrees - -

[Defense Counsel]: You can't hold a judge to an agreement.

Q [Court]: I'm not bound by it. I don't have to do it, and if I don't do it you have no recourse, do you understand?

A [Midgley]: Yes.

Q: I just want to make sure if you think, like, I'm guaranteeing - - I'm pleading guilty because I'm guaranteed a probationary tail on terroristic threats we don't have [sic] deal. Do you understand that?

A: Yes.

***

Q [Court]: Sir, has anyone made any promises or threats to you in exchange for your guilty plea here today?

A [Midgley]: No.

Q: We just talked about you thought, oh, I'm going to be guaranteed a probationary tail on the terroristic threats, but you now know that there is no guarantee of that even if you plead guilty. Do you understand that?

A: Yes.

*Id.* at 6, 7. The court then continued with an oral colloquy with Midgley. The court imposed an aggregate term of four and one half to nine years' incarceration. We affirmed the judgment of sentence, and our Supreme Court denied his petition for allowance of appeal, in August 2020. **See Commonwealth v. Midgley**, No. 873 MDA 2019, 2020 WL 1249451

- 3 -

(Pa.Super. Mar. 16, 2020) (unpublished memorandum), *appeal denied*, No. 173 MAL 2020, 237 A.3d 980 (Pa. filed Aug. 18, 2020).

Midgley filed the instant petition, his first, on March 30, 2021. He raised the following claims:

> a. Ineffective assistance of counsel, intentional misrepresentation and violations of the defendant's due process rights by Attorney Douglas Vanston[;]
>
> b. Malicious prosecution, violations of due process, coerce [sic] tactics and breach of plea agreement by ADA Gene Riccardo[;]
>
> c. Errors by the court in sentencing and or information used to support an aggravated sentence[;]
>
> d. Errors within the [judge's] opinion to the Superior Court[;]
>
> e. Errors within the pre[-]sentence report as stated by defendant's counsel that [went] uncorrected, and defendant did not get to review the pre-sentence report in violation of due process[.]

*Pro-Se* PCRA Petition, at ¶ 12(a)-(e).

Midgley attached a brief to his PCRA petition, raising an additional claim that trial counsel was ineffective for failing to challenge Midgley's arrest and the search of his home without a warrant. **See** Brief in Support of PCRA, at 32. The court appointed counsel, and Midgley filed a "Petition to Re-Appoint Counsel," on April 26, asking for new PCRA counsel due to an alleged conflict of interest. The PCRA court did not rule on the motion at that time. PCRA

counsel filed a **Turner/Finley** letter in August 2021, and a petition to withdraw, which the court granted.[2]

The court then, in September 2021, appointed new PCRA counsel, who filed a **Turner/Finley** letter and a request to withdraw. The **Turner/Finley** letter listed the issues from Midgley's *pro se* petition and explained counsel's conclusion that the issues were meritless. **See id.** at 3-5. The court granted counsel's petition to withdraw on November 4 and issued notice of its intent to dismiss the petition without a hearing. **See** Order, filed 11/4/21.

The following day, the court docketed Midgley's "Motion to Dismiss Counsel and Proceed *Pro Se*." Although the motion was docketed November 5, Midgley dated it November 1, 2021, and the certified record contains an envelope attached to the motion bearing postage dated November 3, 2021. Midgley's motion asked the court to remove PCRA counsel and allow him to proceed *pro se*. He also claimed that he had previously filed a petition to proceed *pro se* on June 14, 2021. **See** Motion, filed 11/5/21, at ¶ 15.

The court dismissed Midgley's PCRA petition, on December 10; it did not rule on Midgley's motion to represent himself. **See** Order, filed 12/10/21. The docket reflects that the order was served on PCRA counsel, even though he had withdrawn his appearance, on December 10. The docket does not reflect that the order was served on Midgley personally. It consequently does not show the date on which he was served.

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

Midgley appealed, and the trial court docketed his notice of appeal on January 24, 2022. That date is more than 30 days after December 10, and a notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken (barring exceptions not relevant here). **See** Pa.R.A.P. 903(a).[3] The certified record does not contain sufficient information for us to determine whether the prisoner mailbox rule – which deems an inmate's *pro se* filing as filed on the date the inmate delivers it to prison authorities for mailing[4] – renders the appeal timely. There is no need for proceedings to resolve that question because the time for Midgley to file an appeal never began to run.

The time for the filing of a notice of appeal runs from the order's "entry." **Id.** "Entry" of an order in a criminal case occurs for present purposes on the day the clerk of the trial court "mails or delivers copies of the order to the parties[.]" Pa.R.A.P. 108(a)(1), (d)(1). Where, as here, the court dismisses a PCRA petition without a hearing, the judge must advise the petitioner of certain things by specified means and effectuate service "as provided in Rule of Criminal Procedure 114." Pa.R.Crim.P. 907(4). Rule 114 requires the trial court to serve copies of the order "on each party's attorney, or the party if

---

[3] "Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

[4] **See** Pa.R.A.P. 121(f); **Commonwealth v. Kennedy**, 266 A.3d 1128, 1132 n.8 (Pa.Super. 2021).

- 6 -

unrepresented," and record the date of service on the docket. **See** Pa.R.Crim.P. 114(B)(1), (C)(2)(c).

We have previously considered the proper treatment of an appeal where the lower court docket does not include a notation stating that a copy of the order under appeal has been provided to the appellant. **See Commonwealth v. Jerman**, 762 A.2d 366, 368 (Pa.Super. 2000). There, although the notice of appeal was dated less than 30 days after the date on the order at issue, the notice of appeal was not docketed until after the appeal period had expired. **Id.** at 367. At the time **Jerman** was decided, the relevant provisions of the Rules of Criminal Procedure bore a different rule number, Rule 9025, than the present rule, Rule 114. Rule 9025 provided:

> Upon receipt of an order from a judge, the clerk of courts shall immediately docket the order and record in the docket the date it was made. **The clerk shall forthwith furnish a copy of the order, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.**

Pa.R.Crim.P. 9025 (repealed) (emphasis added).

In **Jerman**, we reviewed the docket entries and found no indication that the trial court clerk had furnished a copy of the order to the appellant. We therefore concluded that the time in which to take an appeal had never begun to run and treated the appeal as timely. **Jerman**, 762 A.2d at 368.

Since **Jerman**, the provision of the criminal rules requiring the clerk to note service on the parties on the docket has been moved to Rule 114. Rule

114 now includes matters that Rule 9025 did not cover, and the portions corresponding to Rule 9025 have different wording. The relevant portions state:

> **(B) Service**
>
>> (1) A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented.
>>
>> (2) The clerk of courts shall serve the order or court notice, unless the president judge has promulgated a local rule designating service to be by the court or court administrator.
>
> * * *
>
> **(C) Docket Entries**
>
>> (1) Docket entries promptly shall be made.
>>
>> (2) The docket entries shall contain:
>>
>>> (a) the date of receipt in the clerk's office of the order or court notice;
>>>
>>> (b) the date appearing on the order or court notice; and
>>>
>>> (c) the date of service of the order or court notice.

Pa.R.Crim.P. 114(B)(1), (2); (C)(1), (2).

Nonetheless, unpublished decisions of this Court applying Rule 114 have cited **Jerman** and found appeals timely where the trial court's docket did not include the information required by Rule 114. **See**, **e.g.**, **Commonwealth v. Cash**, No. 1294 WDA 2021, 2022 WL 1515833, at *4 (Pa.Super. May 13, 2022) (unpublished memorandum); **Commonwealth v. Martin**, No. 970 WDA 2021, 2022 WL 1639538, at *5 (Pa.Super. May 24, 2022) (unpublished

memorandum). We find these decisions persuasive. The differences between Rule 9025 and Rule 114 are not material to our decision here and do not compel a different result. Both rules require a docket notation recording service on each party and the date thereof. We therefore continue to follow *Jerman*. Where the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely.

Here, the trial court docket states that the order dismissing Midgley's petition was sent to prior PCRA counsel, even though by that point Midgley was proceeding *pro se*. The docket contains no corresponding notation recording service of the order upon Midgley (or the date of service). These failings contravened Rule 114. We will therefore consider his appeal timely. *See Jerman*, 762 A.2d at 368.

We now turn to the substance of Midgley's appeal. He raises the following issues before this Court:

> I. Whether the trial court erred when it dismissed [Midgley's] petition for Post Conviction Relief when [Midgley] raised meritorious claims within his brief in support of his Post Conviction Relief petition.
>
> II. Whether the trial court erred when it denied [Midgley] his right to proceed *pro-se* (unrepresented) by counsel when it ignored [Midgley's] petition to proceed *pro-se* filed on June 14, 2021.
>
> III. Whether the trial court erred when it appointed attorney Matthew Perry on September 14, 2021 to represent [Midgley] in his PCRA after [Midgley]

petitioned [the] court to proceed *pro-se* on June 14, 2021.

IV. Whether the trial court erred when it did not respond to [Midgley's] petition filed on November 1, 2021 to dismiss appointed counsel attorney Matthew Perry due to a conflict of interest.

V. Whether the trial court erred when it allowed appointed counsel for [Midgley] to file an untimely ***Turner/Finley*** letter on or about November 4, 2021 when the trial court, on September 14, 2021, granted an order stating in it, that PCRA counsel was to file an amended petition or in the alternative, a ***Turner/Finley*** on or before October 15, 2021.

VI. Whether court appointed counsel attorney Matthew Perry was ineffective counsel due to the following reasons:

a. For refusing to dismiss him self [sic] as [Midgley's] counsel as [Midgley's] on or about October 20, 2021, during a phone conference, requested him to do so, due to a conflict of interest and the fact [Midgley] wanted to proceed *pro-se* (unrepresented).

b. For filing an untimely ***Turner/Finley*** letter.

c. For failing to recognize meritorious claims within [Midgley's] case and or [Midgley's] brief in support of his claims for Post Conviction Relief filed on April 7, 2021.

Midgley's Br. at 2-3.

When reviewing the denial of PCRA relief, we consider whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Larkin***, 235 A.3d 350, 355 (Pa.Super. 2020) (*en banc*) (citation omitted).

- 10 -

In his first issue, Midgley argues that the court erred in denying his PCRA petition because he raised meritorious issues. He states that the court incorrectly determined that the issues raised in his petition had been previously litigated on direct appeal. He argues that none of his claims have been raised previously.

Rule 2119 of Pennsylvania Appellate Procedure requires that an appellant's brief identify the issue or issues to be reviewed by this Court, followed by citations to legal authority supporting the claim. **See** Pa.R.A.P. 2119(a). Where the appellant fails to develop an issue or cite legal authority, we will find waiver of that issue. **See Commonwealth v. Williams**, 959 A.2d 1252, 1258 (Pa.Super. 2008). However, we will not find waiver if the appellant's failure to provide citation to legal authority or develop an issue does not impede "our ability to conduct meaningful appellate review[.]" **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa.Super. 2012).

Here, Midgley's entire brief is devoid of any citation to legal authority. However, Midgley's failure to do so on this specific issue does not impede our review. We therefore do not find his first issue waived.

To be eligible for PCRA relief, the petitioner must plead and prove several things, including "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S.A. § 9544(a)(2). An issue is waived for purposes of the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b).

On direct appeal, Midgley argued that the Commonwealth violated the plea agreement and the court erred in denying his request to withdraw his guilty plea. In his PCRA petition, Midgley challenged his guilty plea and argued that the terms of the plea "were not clear and unambiguous." Brief in Support of PCRA at 5. He also raised claims that his trial counsel was ineffective. He argued counsel was ineffective for misinforming him of the terms of the plea agreement, notably that the Commonwealth was not going to ask for "time" on the crime of terroristic threats. *Id.* at 10. He maintained that counsel led him to believe that the Commonwealth would recommend probation. Midgley also claimed that counsel was ineffective for failing to withdraw his guilty plea, failing to explain to the court his reasons for wanting to withdraw the plea, refusing to withdraw as counsel, and not informing him that a deadly weapon enhancement would apply. *Id.* at 20, 26, 29. He also claimed that counsel failed to argue that Midgley was taken into custody without a warrant. The PCRA court concluded that Midgley's PCRA claims "were all addressed in his direct appeal[.]" 1925(a) at 6.

We agree that the court erred in determining that all Midgley's claims had been previously addressed in his direct appeal. Though Midgley's PCRA petition challenged his plea and sentence, it also raised claims of ineffective assistance of counsel. To the extent that Midgley challenged counsel's effectiveness, such claims were not previously litigated. An ineffectiveness claim is analytically separate from the underlying issue, and an ineffectiveness claim pertaining to issues raised on direct appeal is not subject to dismissal

- 12 -

as having been previously litigated. *See Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005) ("[I]neffectiveness claims are distinct from those claims that are raised on direct appeal.").

Nonetheless, because Midgley's ineffectiveness claims are meritless, we affirm the dismissal of his petition.

Counsel is presumed to be effective. *See Commonwealth v. Patterson*, 143 A.3d 394, 398 (Pa.Super. 2016). To overcome this presumption, the petitioner must plead and prove: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Id.* at 397-98 (citation omitted). A failure to satisfy any of the three prongs is fatal to the claim. *See Commonwealth v. Meadows*, 787 A.2d 312, 319 (Pa. 2001). "In the context of a plea, an ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *See Commonwealth v. Thomas*, 270 A.3d 1221, 1226 (Pa. Super. 2022) (quoting *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017)).

Midgley's ineffectiveness claims regarding counsel's alleged assurance that the Commonwealth would not ask for prison time and instead would recommend probation is meritless in light of Midgley's plea colloquy. The court specifically asked Midgley whether he understood "that there is no guarantee" that probation would be imposed if he plead guilty. N.T., Guilty Plea Hearing,

at 7. Midgley responded, "Yes." Furthermore, that court explained that it was not bound by any sentencing agreement. ***See id.*** at 6. Midgley replied that he understood. ***Id.*** Therefore, Midgley's claim of ineffective assistance of counsel fails because the underlying claim lacks arguable merit. ***Meadows***, 787 A.2d at 319.

Midgley also claimed that counsel was ineffective for failing to seek to withdraw his guilty plea and for not telling the court Midgley's reasons for seeking to withdraw it. This claim also fails because the underlying claim lacks arguable merit. Following the court's imposition of sentence, counsel told the court that Midgley wanted to file a motion to withdraw his plea. N.T., Sentencing, 4/26/19, at 15. The court stated that counsel could file a motion and that it would address it at a separate hearing. ***Id.*** Counsel stated that he would add it to his motion for reconsideration. ***Id.*** Counsel put such a request in the motion for reconsideration. The motion stated that the Commonwealth had violated the terms of the plea agreement by requesting a period of incarceration and, as relief, asked that the court allow Midgley to be heard regarding the imposed sentence or allow him to withdraw his plea. Petition for Reconsideration of Sentence, filed 5/3/19, at ¶ 6. Though counsel did not file a motion to withdraw Midgley's guilty plea, he did ask to withdraw the plea in the motion for reconsideration and gave the reasons for the withdrawal, *i.e.*, that the Commonwealth had violated the plea agreement.

Midgley also challenged counsel's alleged refusal to withdraw as counsel despite Midgley's alleged request and counsel's alleged failure to inform

Midgley that the court would impose the deadly weapon enhancement. *See* Brief in Support of PCRA at 20. Midgley supported his claim by including an exhibit to his brief in support of his PCRA petition. *See id.* However, the exhibit is not in the certified record. Although the clerks of courts are responsible for maintaining and transmitting records in cases, it ultimately is the duty of the appellant to ensure that the certified record is complete. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa.Super.2006) (*en banc*). The appellant's failure to carry out that duty results in waiver of any claim for which a needed item is absent from the certified record. *See Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008). This claim is thus waived.

As to the claim regarding the deadly weapon enhancement, Midgley failed to show prejudice. Midgley demonstrated his understanding during the plea colloquy that there was no agreement as to sentencing and that his maximum total sentencing exposure was nine years. Because the court imposed an aggregate sentence of four and a half to nine years, we cannot say that his plea was unknowing or involuntary.

Midgley's final ineffectiveness claim dealt with counsel's failure to argue that police illegally took Midgley into custody without a warrant. This issue is meritless. By pleading guilty, Midgley waived any procedural challenges including any issues with the presentation of a warrant before his placement into custody. *See Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007) ("A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses") (citation omitted); *Commonwealth v. Morrison*, 173 A.3d 286,

290 (Pa.Super. 2017) ("a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea"). Trial counsel was not ineffective for failing to raise the meritless issue. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1222 (Pa. 2006) ("counsel will not be deemed ineffective for failing to raise a meritless claim"). As Midgley's ineffectiveness claims of ineffective assistance were all meritless, the court did not err in dismissing the petition.

Midgley's second issue addresses the trial court's denial of his request to proceed *pro se*. Midgley maintains that he petitioned the court on June 14, 2021, to represent himself. *See* Midgley's Br. at 19. He attached to his brief a copy of the petition he claims he submitted. This copy is not included in the certified record, and the copy attached to his brief does not contain a timestamp of filing by the Lackawanna Clerk of Courts. This issue is waived.

His third issue is waived for like reasons. Midgley claims that the trial court erred in appointing PCRA counsel instead of granting his June 2021 petition to proceed *pro se*. Because the petition is not in the certified record, this issue is waived.

In his fourth issue, Midgley claims that the trial court erred in failing to respond to his November petition to dismiss PCRA counsel. However, he fails to provide any argument on this issue. *See* Midgley's Br. at 19. As such, the issue is waived. *See Williams*, 959 A.2d at 1258. Furthermore, even if Midgley had properly argued this issue, we would find the claim meritless.

- 16 -

Though Midgley's petition to remove counsel was dated November 1, it was not filed until November 5. By that time the court had already permitted counsel to withdraw. *See* Order, 11/4/21.

Midgley's next issue addresses whether the court erred in allowing PCRA counsel to file an untimely *Turner/Finley* letter. He argues that the court directed counsel to file the letter by October 20, 2021, and that counsel did not file the letter until November 4, 2021. Midgley cites no legal authority that supports that the court abused its discretion by accepting the filing later than the date it had imposed. Nor does he cite or discuss any authority that would entitle him to relief. This claim is waived. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009).

Midgley's final issue is that PCRA counsel was ineffective. This issue has three sub-parts. The first is that PCRA counsel was ineffective for failing to withdraw due to an alleged conflict of interest. This issue fails because the PCRA court in fact allowed PCRA counsel to withdraw and appointed new PCRA counsel.

The second sub-part is that PCRA counsel was allegedly ineffective for filing an untimely *Turner/Finley* letter. As the court accepted the letter despite its lateness, this claim is meritless. The third and final subpart is that PCRA counsel was ineffective for failing to "recognize meritorious claims." Midgley's Br. at 3. This also lacks merit. As noted above, many of Midgley's claims addressed his guilty plea. Counsel explained that the record established that Midgley voluntarily, knowingly, and intelligently entered his guilty plea.

He also noted that as to Midgley's challenge to his sentence, this Court "upheld the [t]rial [c]ourt's above aggravated range sentence on the M-1 Terroristic Threat conviction." No Merit Letter at 3. Counsel also addressed Midgley's claim that there were errors in the PSI and found this to be meritless because Midgley did not "specify the errors and claims that he did not review the pre-sentence report but believes it does contain errors." *Id.* at 4. The only issues that counsel did not address were Midgley's ineffectiveness claims. Having determined that the ineffectiveness claims were meritless, *see* above, we conclude PCRA counsel was not ineffective for failing to address these claims. *Spotz*, 896 A.2d at 1222. We affirm the denial of Midgley's PCRA petition.

Order affirmed.

Judge Olson joins the Opinion.

Judge King concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/07/2023