J-A07023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN THOMAS | : | |
| | : | |
| Appellant | : | No. 1075 EDA 2022 |

Appeal from the PCRA Order Entered March 31, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001372-2011

BEFORE:  DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 23, 2023**

John Thomas appeals *pro se* from the order dismissing as untimely his Post Conviction Relief Act ("PCRA") petition. *See* 42 Pa.C.S.A. §§ 9541-9546. Thomas argues he was incompetent at the time he pleaded guilty but mentally ill to third-degree murder, the court erred in failing to hold a mental health hearing, and his counsel was ineffective for failing to pursue an insanity defense. We affirm.

In 2012, Thomas entered a negotiated plea of guilty but mentally ill to third-degree murder for killing Murray Seidman. At the plea hearing, the court considered the reports of Drs. Kenneth Weiss, Lee Silverman, and Arthur Boxer. Dr. Weiss's report referenced several of Thomas's medical records, including psychiatric records from Thomas's two stays at Brooke Glen Behavioral Health in 2010. *See* N.T., 2/24/12, at 4-8, 32, 40; Order, 2/24/12, at 4. The parties stipulated that Thomas had been mentally ill at the time of

the murder, pursuant to 18 Pa.C.S.A. § 314, and was severely mentally disabled and in need of treatment, pursuant to the Mental Health Treatment Act, 42 Pa.C.S.A. § 9727. *See* N.T., 2/24/12, at 4-6, 40; Order, 2/24/12, at 1-2. The court accepted the stipulation and noted that it rendered a mental health hearing unnecessary. N.T. at 7-8. The court also found Thomas competent to enter the plea. *Id.* at 8-9; 11-28 (colloquy). The court sentenced Thomas to 240 to 480 months' incarceration, in accordance with the plea agreement. Thomas did not file a direct appeal.

Thomas filed his first PCRA petition in 2013, alleging his guilty plea was not knowingly, voluntarily, or intelligently entered, and that he wished to withdraw it and enter an open plea of guilty but mentally ill. The court appointed PCRA counsel, who moved to withdraw from representation. The court held an evidentiary hearing, at which Thomas and Thomas's trial counsel testified. The court thereafter dismissed the petition, and Thomas did not appeal.

Thomas filed a second PCRA petition in 2020, arguing he had never had a competency hearing before pleading guilty but mentally ill, and that he should be resentenced due to his past traumas. The court dismissed the petition as untimely.[1] Thomas did not appeal.

Thomas filed the instant PCRA petition, *pro se*, on August 2, 2021. He again argued he had not had a competency hearing before pleading guilty but

---

[1] The court did not give notice of its intent to dismiss the petition. *See* Pa.R.Crim.P. 907(1).

mentally ill, and added a claim that his counsel was ineffective for failing to object when the court sentenced him without first holding a competency hearing. PCRA Pet., 8/2/21, at 4 (marked as "3"), 5 (marked as "4"). He stated he discovered via the prison law library that he had had a right to a hearing. *Id.* at 5 (marked as "4"). Thomas attached medical records from Brooke Glen Behavioral Hospital, where he had been committed twice in 2010.[2]

While his petition was pending, Thomas wrote to the court and alleged that the court's failure to hold a competency hearing rendered his sentence illegal. Letter, 9/16/21, at 1-4. He also argued that although Dr. Weiss's report had stated he was competent, Dr. Boxer had found him incompetent, and this contradiction in the evidence presented at his plea hearing made a competency hearing necessary. *Id.* at 4.

The PCRA court issued notice of intent to dismiss the petition without a hearing. It found that the petition was untimely, and that even if it were timely, it was meritless because Thomas had not presented any evidence to undermine the trial court's determination that Thomas had been competent at the time of the plea or had been mentally ill at the time of the offense.

Thomas responded. He argued that the Brooke Glen medical records prove he was insane at the time of the murder and that defense counsel had

---

[2] Like his previous petition, Thomas also asked the court to modify his sentence based on mitigating factors. However, as Thomas does not pursue this issue on appeal, we will not address it further.

- 3 -

been ineffective for advising him to plead guilty but mentally ill, instead of pursuing an insanity defense.

The court dismissed the petition. Thomas appealed, and presents the following issues:

> I. PCRA Court erred as a matter of law, when it denied [Thomas's] PCRA petition without an evidentiary hearing as untimely, where upon discovery of New Evidence, the Mental Health Records that revealed [Thomas] did not met the minimal mental capacity that must be possessed to be held criminal[ly] responsible for my criminal act.
>
> II. Plea Counsel was ineffective for failing to investigate and use the Mental Health Evidence of Insanity.

Thomas's Br. at 4 (answers below omitted).

Thomas argues that the court was legally required by the Mental Health Procedures Act to hold a competency hearing, and that the court's failure to colloquy him regarding waiver of this hearing violated his right to due process. He also argues that a hearing would have uncovered the Brooke Glen medical records he attached to his PCRA petition, and that these records establish that he was not competent at the time of his plea and that he was insane at the time of the murder. Thomas claims that had he been competent, he would have opted to defend himself before a jury rather than plead guilty but mentally ill. Thomas relatedly argues his trial counsel was ineffective for allowing the court to find him competent and for failing to pursue a defense of not guilty by reason of insanity.

We review the denial of PCRA relief to determine whether the decision of the PCRA court "is supported by the evidence and free of legal error."

- 4 -

*Commonwealth v. Midgley*, 289 A.3d 1111, 1118 (Pa.Super. 2023) (citation omitted). We will not disturb the findings of the PCRA court unless they lack support in the certified record. *Id.*

As the PCRA court explains in its Rule 1925(a) opinion, we may not consider the merits of an untimely PCRA petition. PCRA Court Opinion, filed 6/21/22, at 2; *see also Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa.Super. 2020). A PCRA petition must be filed within one year of the date the judgment of sentence became final — *i.e.*, within one year of the conclusion of direct review, or of the time to seek such review — unless at least one of the three statutory exceptions applies. *See Anderson*, 234 A.3d at 737-38 (citing 42 Pa.C.S.A. § 9545(b)(1), (b)(3)). Those exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i-iii). The petitioner bears the burden to plead and prove one of these exceptions applies, and that he presented his claim within the first year it could have been presented. *Id.* at (b)(1), (b)(2).

Here, Thomas's judgment of sentence became final in 2012, when he did not appeal his sentence. Thomas did not file the instant petition within one

year of that date, nor has he pleaded that any of the statutory exceptions applies. Although he alleges he discovered via the prison law library that he had had an alleged right to a mental health hearing, he does not explain when he made this discovery, that he acted with due diligence in discovering it, or that he submitted his petition within a year of that date. 42 Pa.C.S.A. § 9545(b)(1)(ii), (b)(2). Regardless, gaining an understanding of the law does not qualify as newly discovering a "fact" for PCRA timeliness purposes. ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1135 (Pa.Super. 2021).[3]

Furthermore, although Thomas alleges the Brooke Glen medical records undermine the validity of his plea and prove counsel's ineffectiveness, he does not allege the elements of the "unknown facts" exception. He does not allege when he discovered those documents, assert that he acted with due diligence in not discovering them sooner, or claim that he filed his petition within the year after he first learned of them. Notably, Dr. Weiss referenced the Brooke Glen medical records in the report that the court considered during Thomas's plea and sentencing hearing. Thomas's petition is untimely under the terms of the PCRA, and the PCRA court properly dismissed it as such.

Order affirmed.

---

[3] Thomas does not assert that he recovered his competency within the year preceding the filing of his instant PCRA petition, and the record would not support such an assertion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>5/23/2023</u>