J-S11023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                     :                PENNSYLVANIA
                     :
           v.              :
                     :
                     :
JOHN C. GUERRA             :
                     :
          Appellant     :     No. 2395 EDA 2021

Appeal from the PCRA Order Entered November 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011956-2014

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JULY 13, 2023**

John C. Guerra appeals from the order denying his Post Conviction Relief

Act ("PCRA") petition. ***See*** 42 Pa.C.S.A. §§ 9541-9546. Guerra argues his trial

counsel and direct appeal counsel provided ineffective assistance and that the

PCRA court erred in denying his request for an evidentiary hearing. We affirm.

We have previously summarized the facts presented at Guerra's bench

trial as follows.

> [B]etween 2008 and 2010, Guerra recruited young women to
> work for him as prostitutes[ ]and assisted them in posting
> advertisements online to solicit customers for sex. He also
> provided cell phones for the women to use to contact customers,
> and hotel rooms; received money the customers paid the women
> in exchange for sex; and provided the women with drugs and
> money. Guerra knew the women were addicted to drugs, and he
> supplied them with large amounts of crack cocaine and heroin. He
> made the women work for days at a time without sleep, used
> violence and sexual violence to keep them from leaving or
> withholding money, and prohibited them from seeking medical

attention. Several other men assisted Guerra, including Elton Cromwell, Eddie Mendez, and Dwayne Thomas.

Three victims, M.S., T.W., and A.H., testified at trial. Of note, A.H. testified that she was a minor when she began working for Guerra, and that when Cromwell and Guerra discovered she was a minor, she stayed at Guerra's family home until Guerra made the decision that she would continue working. A.H. also testified that Cromwell went to her parents' house after charges were filed against him, and that this made her feel scared.

The Commonwealth also presented the testimony of Detective Derrick Stigerts, whom the Commonwealth offered as an expert in human trafficking, and Trooper Michael Peterson. Trooper Peterson testified that during the course of his investigation, he viewed the contents of a laptop found at the hotel where A.H. was found, which contained images and advertisements, some of which were introduced into evidence. Trooper Peterson said he interviewed five women who had worked for Guerra in two different hotel rooms, including M.S., T.W., and A.H. Trooper Peterson stated that, through the investigation, he was able to identify the extent of Guerra's involvement in trafficking and prostitution, as well as the three other men in the organization. Trooper Peterson testified that based upon his investigation, he had concluded that Guerra "was in charge of an illegal, corrupt organization[.]" N.T., 6/29/16, at 97.

. . . Trooper Peterson testified that "through interviewing witnesses that testified and did not testify, all of their statements were clearly identifying each individual's roles in this organization. Some ladies put [Guerra] at the top of the pyramid." *Id.* at 98. Trooper Peterson stated he "concluded that [Guerra's] role was a leader of a corrupt organization, including prostitution." *Id.* . . . The prosecutor then asked Trooper Peterson about his training and experience in the Organized Crime Unit, and his opinion as to why there was no financial trail implicating Guerra in the crimes. Trooper Peterson answered, "The head[s] of corrupt organizations always attempt to insulate themselves from their underlings ... because they don't want to be implicated as being the ring leader." *Id.* at 101.

Guerra presented the testimony of M.T. and R.H., the mothers of children by Guerra and Cromwell, respectively, who had worked as prostitutes. Both women testified that A.H. had worked for Cromwell, and not Guerra; that Guerra had never threatened or

assaulted any of the women working for him; and that Guerra did not force anyone to stay against their will. M.T. further testified that Guerra and Cromwell were friends, but did not work together or share employees, computers, phones, or money, and that M.S. would steal from Guerra to support her drug habit.

Guerra testified in his own defense. He admitted he had sex with A.H. on the first night of her arrival, but denied that A.H. had ever worked for him, and asserted that A.H. had worked for Cromwell, who had decided to take her back to work after discovering her minor status. Guerra denied working jointly with Cromwell or anyone else. He admitted that T.W. and M.S. had both worked for him, and that he would buy drugs in bulk to supply to his employees. But he denied that he had forced any of the women to work, or had threatened them. He denied that he was violent toward T.W. or had raped M.S., and stated that he had only slapped M.S. with an open fist on one occasion, because she owed him money.

*Commonwealth v. Guerra*, No. 3438 EDA 2017, 2019 WL 1514217, at *1-2 (Pa.Super. filed Apr. 8, 2019) (unpublished memorandum). The trial court convicted Guerra of trafficking of a minor, trafficking of persons, conspiracy to traffic persons, corrupt organizations, promoting prostitution, sexual exploitation of a child, unlawful contact with a minor, corruption of a minor, simple assault, criminal use of a communication facility, and possession of a controlled substance with intent to distribute.[1]

At sentencing, the Commonwealth argued that Guerra's prior record score ("PRS") was five, based in part on a South Carolina conviction for possession of crack cocaine. *See* N.T., 5/4/17, at 5-7; *see also* 204 Pa.Code

---

[1] *See* 18 Pa.C.S.A. §§ 3002(b) (repealed eff. Sept. 2, 2014), 3002(a) (repealed eff. Sept. 2, 2014), 903, 911(b)(1), 5902(b)(1), 6320(a), 6318(a)(5), 6301(a)(1)(i), 2701(a), and 7512(a), and 35 P.S. § 780-113(a)(30), respectively.

§ 303.7(a)(3) (stating unenumerated felony convictions increase a PRS by two points). The Commonwealth introduced a copy of Guerra's criminal history report from South Carolina, which the court admitted into evidence. Guerra argued that the conviction was a misdemeanor and the court should therefore calculate his PRS to be three, as reflected in the presentence investigation report ("PSI"). The court agreed with the Commonwealth. It sentenced Guerra to an aggregate of 37 to 74 years' confinement. Guerra filed a post-sentence motion challenging the weight of the evidence and the length of his sentence, which was denied by operation of law.

Guerra appealed. In relevant part, he challenged the sufficiency of the evidence supporting his convictions related to A.H., arguing that A.H. had testified that she had worked directly and exclusively for Cromwell. Guerra also asserted the evidence was insufficient to support the convictions related to trafficking or conspiracy to commit trafficking. *Id.* at \*2-\*3. We rejected the claims. *See id.* at \*3 (citing trial court opinion). Guerra further argued the court had incorrectly calculated his PRS. We found this issue waived, as Guerra's appellate counsel had not specified it in his Pa.R.A.P. 1925(b) statement of errors and the trial court had therefore not addressed it in its Pa.R.A.P. 1925(b) opinion. *Id.* at \*4.[2] We affirmed Guerra's judgment of sentence.

---

[2] The other issues Guerra raised on direct appeal are not relevant to the instant appeal.

- 4 -

Guerra timely filed the instant PCRA petition, his first, on February 13, 2020. The PCRA court appointed counsel, who filed an amended petition and requested an evidentiary hearing. The PCRA court issued notice of intent to dismiss the petition without a hearing and, after allowing Guerra an opportunity to respond, dismissed the petition. This appeal followed.

Guerra raises the following issues:

I. Whether the PCRA court was in error in not granting relief on the issue that counsel was ineffective[.]

    A. Whether appellate counsel was ineffective for failing to appeal the following issues:

        a. Failed to specify there was an incorrect calculation of [Guerra]'s prior record score on his Rule 1925(b) Statement[.]

        [b.] Failed to argue that Trooper Peterson's testimony was based in part upon inadmissible hearsay[.]

        [c.] Failed to argue the verdict was against the weight of the evidence[.]

        [d.] Failed to argue that the Commonwealth improperly amended the Bill of Information[.]

    B. Whether trial counsel was ineffective for failing to make a timely objection to A.H.'s testimony at the time of trial[.]

II. Whether the PCRA court was in error in failing to grant an evidentiary hearing on the above issues[.]

Guerra's Br. at 8 (unnecessary capitalization omitted).

"Our standard of review is well settled. When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." ***Commonwealth v. Anderson***, 234 A.3d 735, 737 (Pa.Super. 2020) (internal quotation marks

and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Midgley***, 289 A.3d 1111, 1118 (Pa.Super. 2023) (citation omitted).

## I. Prior Record Score

Guerra first challenges the PCRA court's rejection of his claim that direct appeal counsel was ineffective for not disputing the PRS. He contends that the trial court erroneously used a PRS of five, rather than three. He argues his PRS was three because the PSI listed his South Carolina conviction for possession of crack cocaine as a misdemeanor. According to Guerra, "[t]here was no inquiry of the investigator who wrote the PSI as to what documents the probation department had that indicated the offense was a misdemeanor." Guerra's Br. at 16-17. Guerra asserts that while his trial counsel preserved the issue at the sentencing hearing, his direct appeal counsel was ineffective for failing to include the issue in his Rule 1925(b) statement, which resulted in this Court finding it waived on direct appeal.

Counsel is presumed to be effective, and a PCRA petitioner bears the burden of pleading and proving ineffectiveness by a preponderance of the evidence. ***Midgley***, 289 A.3d at 1119; 42 Pa.C.S.A. § 9543(a)(2)(ii). The petitioner must establish "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Midgley***, 289 A.3d at 1119 (citation omitted).

The PCRA court determined that the underlying claim that the PRS was incorrect lacked arguable merit. This was not error. The PCRA court's Rule 1925(a) opinion cites a portion of the sentencing transcript in which the prosecutor presented a copy of Guerra's criminal history report documenting Guerra's South Carolina conviction for crack possession as a felony. *See* PCRA Court Opinion, filed 9/2/22, at 8-9. The court explains that the claim that the PSI correctly labeled that conviction as a misdemeanor lacked arguable merit because Guerra had not produced any evidence substantiating his claim that the conviction was a misdemeanor rather than a felony. *See id.* at 9 (citing Pa.R.Crim.P. 902(D) (requiring PCRA petitioners to submit evidence or state why it is not attached to petition). Neither the criminal history report from South Carolina nor the relevant portions of the PSI are included in the certified record. As Guerra failed to prove that his underlying claim had arguable merit, he failed to establish that his appellate counsel was ineffective for waiving it during his direct appeal.

## II. Trooper Peterson's Testimony

Guerra next argues that direct appeal counsel ought to have challenged Trooper Peterson's testimony on hearsay grounds. The PCRA court concluded that Guerra's appellate counsel was not ineffective for failing to raise the issue on appeal, as Guerra's trial counsel had failed to preserve it during trial. *See* PCRA Ct. Op. at 11. The PCRA court also concluded that Guerra's trial counsel could not be found ineffective for failing to object to hearsay testimony offered at a bench trial. *See id.*

We agree. Guerra's appellate counsel was not ineffective for failing to raise an issue that had been waived by trial counsel. Even reading Guerra's brief generously as intending to argue that trial counsel was ineffective for failing to object to Trooper Peterson's testimony on hearsay grounds, Guerra did not raise that claim below and moreover has failed to prove that it has arguable merit. He has not specified, even generally, the portion of Trooper Peterson's testimony he believes consisted of hearsay. He has also failed to prove prejudice. As we observed on direct appeal, "we presume that a judge, sitting as finder of fact in a non-jury trial, disregards inadmissible hearsay testimony." **Guerra**, 2019 WL 1514217, at *6 (quoting **Commonwealth v. Dent**, 837 A.2d 571, 582 (Pa.Super. 2003)). He is therefore not entitled to relief on this claim.

### III. The Weight of the Evidence

Guerra next argues that direct appeal counsel was ineffective for not challenging his conviction for trafficking of a minor as against the weight of the evidence. He points out that "[A.H.] testified that [Guerra] was not her pimp and did not engage in any trafficking or profiteering from said minor." Guerra's Br. at 19-20. Guerra argues A.H. testified that her activities were managed by Cromwell, who collected the profits she made. **Id.** at 20. Guerra asserts that there was only one witness who saw Cromwell and Guerra exchange money on one occasion. Guerra further posits that his conviction for corrupt organizations was against the weight of the evidence, as the Commonwealth presented "no details of necessary conspiracy, profits, and so

forth," and that Trooper Peterson had testified "that it was a pretty small-scale operation." *Id.* Guerra argues that while trial counsel raised the weight issue in a post-sentence motion, appellate counsel was ineffective for failing to pursue it on appeal.

An appellant will only prevail on a challenge to the weight of the evidence when the trial court abused its discretion in denying the claim. ***Commonwealth v. Fallon***, 275 A.3d 1099, 1107 (Pa.Super. 2022). The trial court must determine in the first instance whether "certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* (citation omitted). A new trial is warranted "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Id.* (citation omitted).

The PCRA court—the same judge as presided over Guerra's bench trial— thoroughly reviewed the evidence and concluded that the underlying weight claims failed and direct appeal counsel could not be found ineffective. ***See*** PCRA Ct. Op. at 13-20. As the PCRA court explained, A.H. testified that it was Guerra's decision whether she should continue working, and that Cromwell took this as an "order" from Guerra. ***See id.*** at 13-14 (quoting N.T., 6/28/16, at 196). Also, Trooper Peterson testified regarding his conclusion that Guerra oversaw the trafficking operation. ***See id.*** at 14. (citing N.T., 6/29/16, at 101). The PCRA court's conclusion that the weight claims lacked arguable merit is supported by the record and free from legal error.

### IV. Amendment of the Bill of Information

Guerra argues that appellate counsel should have argued that the court erred in allowing the Commonwealth to amend the Bill of Information to include the charge of unlawful contact with a minor. He concedes that the charge "evolved out of the same factual situation as the charges filed in the original [complaint]," but claims that because the charge was added on the first day of trial, he did not have adequate time to prepare a defense. Guerra's Br. at 23. Guerra asserts that his trial counsel filed a motion to dismiss the additional charge, which the court denied, but that appellate counsel was ineffective for failing to pursue the issue on appeal.

The PCRA court found this claim lacked merit because Guerra did not explain the way in which the additional charge prejudiced his trial strategy. *See* PCRA Ct. Op. at 22. We agree. Pursuant to the Rules of Criminal Procedure,

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564. Whether a defendant has been unfairly prejudiced by an amendment involves consideration of:

> (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the

amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

***Commonwealth v. Hoffman***, 198 A.3d 1112, 1122 (Pa.Super. 2018) (quoting ***Commonwealth v. Mentzer***, 18 A.3d 1200, 1203 (Pa.Super. 2011)).

Even assuming trial counsel adequately preserved this issue such that appellate counsel could have raised it on appeal,[3] Guerra has failed to prove that the amendment caused unfair prejudice. Guerra concedes that he had notice of the relevant facts forming the basis for the charge,[4] and has not spelled out how he would have changed his trial strategy to defend against the additional charge if he had had more notice, or any other way in which he allegedly sustained prejudice. ***See Hoffman***, 198 A.3d at 1122. This claim fails.

### V. A.H.'s Testimony

Guerra next argues his trial counsel was ineffective for failing to object to A.H.'s testimony regarding her activities with Cromwell as irrelevant. He contends there was no evidence establishing any conspiracy between himself

---

[3] ***See*** Mot. to Dismiss, 6/27/16, at 3-4 (arguing for dismissal of charges based on filing of amended information); ***see*** N.T., 6/28/16, at 152-54 (defense counsel arguing he did not have pre-trial notice of allegation that Guerra had sex with A.H.).

[4] We note that the transcript of the preliminary hearing is not included in the certified record.

- 11 -

and Cromwell, and therefore the evidence of Cromwell's guilt was not relevant to the charges against him.

The PCRA court found this claim lacked merit because A.H.'s testimony regarding Cromwell was "relevant in that it describe[d] [Guerra's] order of operations within the sex trafficking organization and demonstrate[d] one of [Guerra's] associate's, Cromwell's, role in the organization." *See* PCRA Ct. Op. at 23. It further observed that the testimony of M.S. and T.W. established that Guerra was part of a conspiracy with Cromwell. *See id.* at 23-24.

The PCRA court's determination is supported by the record and free from legal error. On direct review, we concluded there was sufficient evidence to support a finding of a conspiracy between Guerra and Cromwell, and to support each of the charges related to A.H., despite A.H.'s testimony that she considered Cromwell to be her employer. Thus, A.H.'s testimony regarding Cromwell was relevant to the case against Guerra, and trial counsel was not ineffective for failing to object to the testimony.

## VI. Evidentiary Hearing

Guerra's final argument is that each of his issues raises a question of material fact, and the PCRA court therefore erred in failing to grant an evidentiary hearing where Guerra could prove his claims.

This claim is meritless. An evidentiary hearing is not a fishing expedition. *Commonwealth v. Roney*, 79 A.3d 595, 605 (Pa. 2013). A petition requesting an evidentiary hearing must include a certification by each intended witness outlining the substance of their proposed testimony, and a

- 12 -

copy of any material documentary evidence. 42 Pa.C.S.A. § 9545(d)(1)(i); Pa.R.Crim.P. 902(A)(15). Where a petitioner has not set forth issues of material fact, the PCRA court need not hold an evidentiary hearing. **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018).

Guerra did not comply with the above requirements. Guerra did not proffer how he would prove any material facts at an evidentiary hearing, name the witnesses he would call, or identify exhibits he would offer as evidence. The PCRA court therefore did not err in concluding that an evidentiary hearing would serve no purpose.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *7/13/2023*