J-A21004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :                PENNSYLVANIA
                                          :
            v.                         :
                                          :
                                          :
ALBERT JOHN DOUGHERTY         :
                                          :
           Appellant           :    No. 89 MDA 2025

Appeal from the Judgment of Sentence Entered January 10, 2025
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000450-2024

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:        **FILED: SEPTEMBER 19, 2025**

Albert John Dougherty appeals from the judgment of sentence entered in the Court of Common Pleas of Adams County following a stipulated waiver trial at which he was convicted of driving under the influence ("DUI") of alcohol general impairment, DUI high rate of alcohol, and driving on roadways laned for traffic.[1] Dougherty challenges the court's denial of his pre-trial motion to suppress evidence. We affirm.

On October 14, 2023, Dougherty was charged with the above offenses, and he subsequently filed an omnibus pre-trial motion to suppress evidence obtained during a traffic stop that occurred on June 28, 2024. On July 18,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa. C.S.A. §§ 3802(a)(1), 3802(b), and 3309(1), respectively.

2024, the suppression court held a hearing on Dougherty's motion at which he contested the constitutional basis for initiating the stop. *See* N.T. Suppression Hearing, 7/18/24, at 3. The suppression court made the following findings of fact based on the evidence presented at the hearing:

> Officer Shannon Hilliard ("Officer Hilliard")[] of the Gettysburg Borough Police Department is a 19-year law enforcement veteran. In his career he has had significant and extensive DUI training and experience including the Police Academy, Standard Field Sobriety Test Training, ARIDE Training and is currently serving as a Standard Field Sobriety Test Instructor. During his lengthy career, Officer Hilliard has [conducted] more than 1,400 DUI investigations [and has] extensive experience enforcing other motor vehicle code provisions. Office Hilliard also has experience and training in recognizing the NHTSA driving cues which suggest an operator may be impaired.
>
> On October 14, 2023, at about 2:05 a.m. Officer Hilliard was traveling southbound on Baltimore Street in Gettysburg Borough, Adams County, Pennsylvania. At that time[,] Officer Hilliard observed a tan pickup truck in front of him traveling southbound on Baltimore Street approaching the traffic light at the intersection of Middle Street. At that intersection there is a divided roadway with a left turn lane and a straight/right turn lane which are separated by a solid white line. As the tan pickup truck approached the intersection it completely straddled the white dividing line.
>
> The pickup truck continued straight southbound on Baltimore Street approaching the light at the intersection with High Street. At the intersection with High Street there is the same turn lane setup as there is at the intersection of Baltimore and Middle Streets. As the tan pickup truck proceed[ed] through the High Street intersection[,] the driver's side tires were on the white dividing line.
>
> The tan pickup truck continued southbound through the High Street intersection traveling several blocks before approaching the intersection where the road splits with a right curve onto Steinwehr Avenue and a left curve continuing on Baltimore Street southbound. The tan pickup truck continued southbound at the 600 block of Baltimore Street bearing left around the curve in the

road to continue on Baltimore Street. At that time, the road widened significantly with metered parking spaces along the righthand side of the southbound lane. Officer Hilliard observed the tan pickup truck drift to the right, and across and into the parking spaces on the right side of the roadway as [Dougherty] drove along the lefthand curve southbound onto Baltimore Street.

Thus, within a short distance Officer Hilliard observed three [] separate lane deviations which he testified are all NHTSA cues for impaired driving. The time that elapsed with Officer Hilliard following the tan pickup truck was thirty to forty-five seconds[.] After observing the third lane deviation, with [Dougherty] drifting significantly into the parking spaces along the righthand side of the widen[ed] roadway, Officer Hilliard effectuated a motor vehicle stop.

Trial Court Opinion, 8/5/24, at 1-3 (paragraph numbering omitted; formatting altered; paragraphing provided). The court denied Dougherty's motion upon concluding that Officer Hilliard had reasonable suspicion to justify the stop "for investigation as to whether [Dougherty] was operating [the vehicle] under the influence of alcohol or a controlled substance" based on "his extensive training and experience as well as his observation of NHTSA cues for impaired driving in a relatively short distance." *Id.* at 3. The court further concluded that Officer Hilliard had probable cause to effectuate the stop because he "observed multiple violations of the motor vehicle code." *Id.*

On January 10, 2025, the case proceeded to a stipulated waiver trial at which Dougherty was convicted of the above offenses. In the same proceeding, the court found that Dougherty's DUI convictions merged for sentencing purposes and sentenced him to 48 hours to 6 months of partial confinement in county prison. Dougherty timely filed a notice of appeal and a

court-ordered concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). On January 24, 2025, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a) referring this Court to the August 5, 2024 opinion that accompanied its order denying Dougherty's suppression motion.

On appeal, Dougherty presents the following issue for our review:

Whether the Honorable trial court erred in concluding that [Officer Hilliard] possessed reasonable suspicion or probable cause to effectuate a traffic stop on [Dougherty].

Appellant's Brief, at 6 (unnecessary capitalization omitted).

As an initial matter, we note that the argument section of Appellant's brief consists of multiple pages summarizing case law and one brief paragraph of analysis. *See* Appellant's Brief, at 11-22. An appellant's mere quotation or discussion of a case, without any meaningful application of that caselaw to the pertinent facts of the matter on appeal, can lead to waiver of a claim, "[a]s we will not make [an appellant's] arguments for him." ***Commonwealth v. Cannavo***, 199 A.3d 1282, 1289 (Pa. Super. 2018) (citation omitted). However, although we find Dougherty's inartful analysis lacking, we decline to find waiver because we can discern the argument he attempts to make, and his failure to develop his argument does not impede our ability to conduct meaningful review. ***See Commonwealth v. Midgley***, 289 A.3d 1111, 1118 (Pa. Super. 2023) (explaining this Court "will not find waiver if the appellant's failure to … develop an issue does not impede our ability to conduct meaningful appellate review") (internal quotation marks, brackets, and citation omitted);

*see Interest of J.B.*, 296 A.3d 1234, 1240 n.13 (Pa. Super. 2023) (declining to find waiver based on deficiencies in Appellant's brief where Court was able to "discern the general issues raised and related argument").

Dougherty challenges the suppression court's denial of his omnibus pre-trial motion to suppress evidence.

> Our standard of review of a trial court's ruling on a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the facts found by the trial court so long as they are supported by the record, but we review its legal conclusions de novo. The trial court has sole authority to pass on the credibility of witnesses and the weight to be given to their testimony. Our scope of review is limited to the record developed at the suppression hearing, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by the defendant.

*Commonwealth v. Rivera*, 316 A.3d 1026, 1031 (Pa. Super. 2024) (quotation marks and citations omitted). "It is well settled that this Court may affirm on any valid basis appearing of record." *In Interest of N.B.*, 187 A.3d 941, 945 (Pa. Super. 2018) (*en banc*) (internal quotation marks and citation omitted).

Dougherty avers Officer Hilliard's stop of his vehicle was unlawful because it was not supported by reasonable suspicion or probable cause. Appellant's Brief, at 10. We disagree.

> The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution guarantee the right of the people to be secure in their persons, houses, papers, and possessions from unreasonable searches and seizures. To secure the right of citizens to be free from unreasonable search and seizure, courts in Pennsylvania require law enforcement

officers to demonstrate ascending levels of suspicion to justify their interactions with citizens to the extent those interactions compromise individual liberty.

*Commonwealth v. Rice*, 304 A.3d 1255, 1260 (Pa. Super. 2023) (citations and quotation marks omitted). Our Vehicle Code defines the quantum of cause an officer must possess to justify initiating a traffic stop as follows:

> Whenever a police officer is engaged in a systemic program of checking vehicles or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S.A. § 6308(b). Accordingly, under the law of our Commonwealth, the level of cause required for a law enforcement officer to stop a vehicle for an apparent Vehicle Code violation is a balancing of factual questions and legal applications, and varies based upon the officer's observations and the provision at issue. Moreover,

> [a]n officer may always stop a vehicle if the officer has probable cause to believe that the vehicle or its driver was violating the Vehicle Code. However, an officer may only stop a vehicle based on reasonable suspicion of a Vehicle Code violation if the stop would serve a stated investigatory purpose, *i.e.*, to determine whether a violation occurred.

*Commonwealth v. Garcia*, 311 A.3d 1138, 1144-45 (Pa. Super. 2024) (citations, emphasis, and quotation marks omitted). Notably, "an officer may stop a vehicle if he or she has reasonable suspicion that the driver is operating the vehicle under the influence of alcohol or controlled substances to provide

the officer the needed opportunity to investigate further." ***Commonwealth v. Ochoa***, 304 A.3d 390, 397 (Pa. Super. 2023) (citations, quotation marks, and brackets omitted).

In the instant matter, Officer Hilliard testified that he initiated the stop of Doherty's vehicle based upon his suspicion of DUI. **See** N.T. Suppression Hearing, 7/18/24, at 8. Accordingly, given the nature of the violation being investigated, a showing of reasonable suspicion was required to justify the stop. **See *Ochoa***, 304 A.3d at 397.

We determine whether an officer has reasonable suspicion to justify a traffic stop by considering the totality of the circumstances:

> The officer must articulate specific observations which, in conjunction with reasonable inferences derived from these observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot. In order to determine whether the police officer had reasonable suspicion, the totality of the circumstances must be considered. In making this determination, we must give due weight to the specific reasonable inferences the police officer is entitled to draw from the facts in light of his experience. Also, the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer.

***Garcia***, 311 A.3d at 1145 (citation omitted).

At the suppression hearing, Officer Hilliard testified that as Dougherty's vehicle approached the first intersection, it occupied both the left turning lane and the right turning/forward combination lane, straddling the solid white painted line that separated the two, such that approximately half of the vehicle

occupied each lane. *See* N.T. Suppression Hearing, 7/18/24, at 6. He further testified that as the vehicle approached the second intersection, which had the same design as the first, it "had driven briefly upon [the] solid white line[,]" which was approximately 15 to 20 feet in length, "with its driver's side tires." *Id.* at 7, 12. Officer Hilliard testified that as he continued to follow the vehicle, it veered into a designated parking lane as it navigated a bend in the road, and that it would be uncommon for an unimpaired driver to veer to the right when making such a turn. *See id.* at 7-8, 11. He further testified that in his training and experience, the three lane deviations he observed were NHTSA indicators that the driver could be under the influence, and he initiated the stop accordingly. *See id.* at 8. The suppression court credited this testimony, and we defer to its credibility determinations. *See Rivera*, 316 A.3d at 1031.

Based on the totality of the circumstances, and in light of Officer Hilliard's extensive experience and training in conducting DUI traffic stops, we agree that he had reasonable suspicion to initiate the stop of Dougherty's vehicle to effectuate a DUI investigation upon observing three unjustified lane deviations over a period of 30 to 45 seconds. *See Commonwealth v. Fulton*, 921 A.2d 1239, 1243 (Pa. Super. 2007) (finding reasonable suspicion of DUI where officer with 5 years' experience observed Appellant "swerve out of his lane of travel three times in a mere 30 seconds, in dense fog, on a road shared by oncoming traffic") (footnote omitted); *Commonwealth v. Hughes*, 908

A.2d 924, 927-28 (Pa. Super. 2006) (finding reasonable suspicion of DUI where Appellant's vehicle swerved in and out of lane twice in less than one mile); **Commonwealth v. Sands**, 887 A.2d 261, 272 (Pa. Super. 2005) (finding reasonable suspicion of DUI where Appellant drifted over fog line 3 times "on a portion of road without any sharp curves or obstructions to explain the weaving").

Therefore, the suppression court's factual findings are supported by the record, and its conclusion that Officer Hilliard had reasonable suspicion to justify the stop is legally sound. **See Rivera**, 316 A.3d at 1031. Accordingly, because the stop was constitutional, the suppression court properly denied Dougherty's motion to suppress.[2]

Judgement of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/19/2025

---

[2] Given our disposition, we need not determine whether Officer Hilliard had probable cause to initiate the stop of Dougherty's vehicle for a violation of Section 3309(1).