J-S03040-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CHRISTOPHER L. DAVIS | : | |
| Appellant | : | No. 1386 EDA 2022 |

Appeal from the PCRA Order Entered April 21, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006282-2015

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| CHRISTOPHER L. DAVIS | : | |
| Appellant | : | No. 1387 EDA 2022 |

Appeal from the PCRA Order Entered April 21, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006283-2015

BEFORE: BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MAY 31, 2023**

Christopher L. Davis ("Davis") appeals from the dismissal of his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In May 2015, Tomeckia Boone ("Boone") saw her fourteen-year-old daughter fighting with another teenager at a barbeque in Philadelphia. Boone

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

joined the fray and fought with another woman.  Davis struck Ms. Boone on the side of the head with a shotgun, knocking her to the ground unconscious and severing one of her ears.  Boone's sister, Lateefa Boone ("Lateefa") saw Davis assault her sister and also saw him attack her brother-in-law, Rasheed Collins ("Collins").  As Collins lay on the ground, Davis struck him in the face with a shotgun and repeatedly punched him in the head and face.  *See Commonwealth v. Davis*, 210 EDA 2018 (Pa. Super. 2019) (unpublished memorandum at *2).

Police arrived during the fighting and found both Boone and Collins unconscious on the ground.  Bystanders alerted them to Davis, whom they detained in his house, where they found a shotgun.  The next day, Boone and Lateefa both identified Davis from a photograph as Boone's assailant.  Boone experienced dizzy spells, required reattachment of her severed ear, and remained on medication and under a physician's care almost one year later.  Collins required staples to the back of his head and missed approximately one and one-half weeks of work.  *See id*. (unpublished memorandum at *3); N.T. 3/2/17, at 52-56, 129, 136, 146-47; N.T., 3/3/17, 104, 117.

A jury convicted Davis of two counts of aggravated assault, two counts of possession of an instrument of crime, and related firearms offenses.  The court imposed an aggregate term of twenty-five to fifty years of imprisonment.  This Court affirmed Davis's judgment of sentence.  *See Davis*, 210 EDA 2018 (unpublished memorandum at *14).

Davis filed a *pro se* PCRA petition. After being appointed, current counsel filed an amended petition and supporting memorandum of law challenging Davis's sentence and asserting trial counsel's ineffectiveness for, *inter alia*, failing to: (1) litigate a motion to suppress allegedly suggestive identification procedures; (2) seek correction of the sentencing order; (3) challenge the testimony of witnesses about the severity of the victims' injuries, and thereby missed the opportunity to show that neither victim suffered serious bodily injury; and (4) interview eyewitnesses to the assaults. Davis also alleged direct appeal counsel's ineffectiveness for: (1) filing a defective appellate brief; and (2) failing to raise a speedy trial claim. **See** Amended PCRA Petition, 9/9/21. In response to the petition, the PCRA court corrected a sentencing error and reduced Davis's aggregate sentence but otherwise denied relief. The PCRA court issued a notice of intent to dismiss Davis's petition pursuant to Pa.R.Crim.P. 907. Davis did not respond to the court's notice. The court dismissed the petition. Davis filed a timely notice of appeal and he and the PCRA court complied with Pa.R.A.P. 1925.

Davis presents the following issues for our review:

1. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was ineffective for failing to seek suppression of the eyewitness identification, failing to adequately prepare for trial, and failing to preserve all appropriate issues for appeal through post-sentence motions.

2. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that appellate counsel was ineffective for failing to preserve and raise all

appropriate issues on appeal, leading to the determination by the Superior Court that the claims were waived, thus constituting a complete foreclosure of appellate review.

3. Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish violations of [Davis's] constitutional rights; including a conviction based on evidence that did not prove his guilt beyond a reasonable doubt, the infringement of his right to a speedy trial, and the right to effective representation at trial and on appeal.

4. Whether the PCRA court erred by failing to grant an evidentiary hearing.

Davis's Brief at 9.

Davis advances three sets of issues in his appeal from the denial of his PCRA petition, each asserting various sub-issues, and a fourth issue challenging the PCRA court's denial of an evidentiary hearing. Davis's first set of issues asserts that the PCRA court erred in dismissing his PCRA petition based on **trial counsel's** ineffectiveness, although it must be noted that Davis presents these claims in a different order than in his statement of questions presented. These ineffectiveness assertions are distinct from Davis's second set of issues regarding **direct appeal counsel's** ineffectiveness. In his third set of issues, Davis re-asserts a series of both trial counsel's and appellate counsel's ineffectiveness as alleged violations of his constitutional rights. For the sake of clarity, we first address Davis's first set of issues: his four assertions concerning trial counsel's ineffectiveness.

Davis asserts trial counsel's failure to prepare for trial and, as a result, his ineffectiveness for failing to: (1) question trial witnesses about the victim's

serious bodily injury, (2) interview and call witnesses, (3) move to suppress Davis's identification, and (4) preserve issues for appeal. This Court's standard for reviewing the dismissal of PCRA relief is well settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotations omitted).

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish that: (1) the underlying issue has arguable merit, (2) counsel's actions or inactions lacked a reasonable basis; and (3) counsel's actions or inactions resulted in actual prejudice. ***See Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011). Prejudice requires proof that but for counsel's unprofessional errors, a reasonable probability exists that the trial result would have been different. ***See Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009). Where the evidence fails to prove any one of these elements, the claim fails without further analysis. ***Commonwealth v. Busanet***, 817 A.2d 1060, 1066 (Pa. 2002). Counsel cannot be ineffective for failing to raise a meritless claim. ***See Commonwealth v. Midgely***, 289 A.3d 1111, 1120 (Pa. Super. 2023).

Davis challenges trial counsel's failure to dispute the trial testimony that established Boone and Collins suffered serious bodily injury. **See** Davis's Brief at 17-20.

On direct appeal, this Court rejected Davis's related claim that the evidence failed to prove first-degree aggravated assault of Boone. The Court recognized that the evidence is sufficient to prove aggravated assault as a first-degree felony when it shows, *inter alia*, that the accused attempted to cause serious bodily injury to another or caused such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifferent to the value of human life. **See Davis**, 210 EDA 2018 (unpublished memorandum at *10, citing 18 Pa.C.S.A. § 2702(a)(1)). The Court also recognized that a person attempts to commit aggravated assault as a first-degree felony when he takes a substantial step toward perpetrating a serious bodily injury with the requisite intent. **See id.** (unpublished memorandum at *10-11, citing **Commonwealth v. Gray**, 867 A.2d 560, 567 (Pa. Super. 2005)). The Court concluded that evidence showing Boone had her ear "split wide open" requiring it to be glued back on sufficiently allowed the jury to find "permanent disfigurement" establishing serious bodily injury. **See id**. (unpublished memorandum at *11 n.3). The Court alternately concluded that the evidence Davis hit Boone in the face with a shotgun proved his intent to cause serious bodily injury, pursuant to 18 Pa.C.S.A. § 2702(a)(1). **See id**. (unpublished memorandum at *12-14).

The PCRA court determined that Davis inflicted serious bodily injury on Boone, and that even if he had not done so, he acted with the intent to do so, providing an alternate basis for Davis's conviction of first-degree aggravated assault and defeating Davis's PCRA assertion of trial counsel's ineffectiveness for failing to challenge his conviction for first-degree aggravated assault of Boone. **See** PCRA Court Opinion, 7/22/22, at 10-11.

Concerning Davis's conviction for aggravated assault of Collins, the PCRA court noted that the jury convicted Davis of a second-degree felony aggravated assault. Aggravated assault is a second-degree felony when a person "attempts to cause or intentionally or knowingly causes **bodily injury** to another with a deadly weapon," **see** 18 Pa.C.S.A. § 2702(a)(4) (emphasis added). **See** PCRA Court Opinion, 7/22/22, at 10-11 (determining that it is irrelevant whether Collins suffered serious bodily injury and concluding that trial counsel cannot have been ineffective for failing to pursue a meritless claim concerning Davis's aggravated assault of Collins).

Our review of the record and the law confirms that the PCRA court properly denied Davis's claim because there was no arguable merit to his assertion that trial counsel was ineffective in examining the witnesses whose testimony established that Davis committed first-degree aggravated assault of Boone and second-degree aggravated assault of Collins. The claim thus fails without further analysis. **See Busanet**, 817 A.2d at 1066.

Davis's second assertion of trial counsel's ineffectiveness asserts trial counsel failed to interview and call witnesses to the fight. *See* Davis's Brief at 17-18. To establish trial counsel's ineffectiveness for failing to investigate and/or call a witness at trial, a PCRA petitioner must demonstrate that:

> (1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant.

*Commonwealth v. Hall*, 867 A.2d 619, 629 (Pa. Super. 2005) (citation omitted).

The PCRA court found Davis failed to identify any witnesses who were present during the assaults and failed to establish what their testimony would have been. *See* PCRA Court Opinion, 7/22/22, at 11. The court also found that Davis did not demonstrate the right to an evidentiary hearing on his claim because he failed to provide a certificate stating the name of each witness, their address, date of birth and any documents material to their testimony as required by 42 Pa.C.S.A. § 9545(d)(1), and 42 Pa.C.S.A. § 9545(d)(1)(ii).

We find no error in the PCRA court's conclusion that Davis's issue fails to establish any of the elements of a claim of ineffectiveness for failing to investigate or call witnesses or to establish the right to an evidentiary hearing. The PCRA court properly denied Davis's meritless claim. *See Midgely*, 289 A.3d at 1120; *Hall*, 867 A.2d at 629.

Davis's third assertion of trial counsel's ineffectiveness alleges counsel's failure to seek suppression of allegedly suggestive photographic identifications by Boone and Lateefa, who did not know him previously. **See** Davis's Brief at 18.

A court examines the totality of the circumstances to determine if an identification is unreliable, and if its use is a violation of due process. ***See Commonwealth v. Fulmore***, 25 A.3d 340, 346 (Pa. Super. 2011). Suggestiveness is a factor to be considered but does not itself warrant exclusion. ***See Commonwealth v. Kubis***, 978 A.2d 391-396 (Pa. Super. 2009). Rather, to merit suppression, the facts must show that the identification procedure was so unduly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. ***See Fulmore***, 25 A.3d at 346.

The PCRA court rejected Davis's claim because he failed to prove a suggestive photo array identification process, and because the contents of the record failed to show suggestivity. The PCRA court concluded that counsel was not ineffective for failing to raise that meritless claim. **See** PCRA Court Opinion, 7/22/22, at 9.

The PCRA court did not err in denying Davis's claim. Davis failed to provide argument and facts to demonstrate that trial counsel had no reasonable basis for his actions or that if he had filed the motion, he would

have prevailed.  The PCRA court's ruling was therefore valid.  **See Johnson**, 966 A.2d at 533.

Davis's fourth assertion of trial counsel's ineffectiveness asserts the failure to preserve all appellate issues for review and significantly undermining the trial defense.  **See** Davis's Brief at 19.  Davis, however, does not provide any specific discussion to support his claim or any legal authority and therefore waived his right to review of this assertion.  **See** Pa.R.A.P. 2119(a) (providing that an appellant's argument shall be followed by the discussion and citation of pertinent authorities); **see also Commonwealth v. Fletcher**, 986 A.2d 759, 785 (Pa. 2009) (indicating that a claim is waived where appellant fails to discuss or cite pertinent authority or relevant detail in his brief).

We now address the claims in Davis's second set of issues, asserting the ineffective assistance of direct appeal counsel.  At the outset we note that Davis asserts he is entitled to a presumption of prejudice *per se*, without the need to prove the three elements of ineffective assistance, because direct appeal counsel allegedly failed to perfect a direct appeal and to preserve a sentencing challenge, a Fifth Amendment claim concerning witness identification, and a Rule 600, or speedy trial, claim.  **See** Davis's Brief at 20-21.

Under narrow circumstances a petitioner may claim that counsel's ineffectiveness was so manifest that he need not prove the elements of an ineffective assistance claim.  He may do so by showing circumstances "that

are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Commonwealth v. Reaves*, 923 A.2d 1119, 1128 (Pa. 2007) (quoting *U.S. v. Cronic*, 466 U.S. at 648, 658 (1984)).

*Cronic* applies only when there is an actual or constructive denial of counsel, here, that appellate counsel entirely failed to subject the prosecution's case to meaningful adversarial testing. *See Reaves*, 923 A.2d at 1128. The *Cronic* test (presumed-prejudice exception to the burden of proof of ineffective assistance) is limited to cases where counsel's acts or omissions were virtually certain to undermine confidence that the accused received a fair trial, "primarily because they remove any pretension that the accused had counsel's reasonable assistance during the critical time frame." *Commonwealth v. Mallory*, 941 A.2d 686, 700 (Pa. 2008) (citation omitted). *Cronic* does not apply when direct appeal counsel's brief resulted in a narrowing of the ambit of that appeal; "to extend the *Cronic* exception to cases involving a defect in an appellate brief essentially would transform the exception into a rule, as many appellate briefs contain at least one arguable defect." *Commonwealth v. Reed*, 971 A.2d 1216, 1227 (Pa. 2009).

The PCRA court found that direct appeal counsel litigated a sufficiency claim and an abuse of sentencing discretion claim and received this Court's review of the merits for those claims; therefore, Davis cannot claim the deprivation of the right to appellate review from appellate counsel's alleged

- 11 -

ineffective assistance, even if he were able to show counsel's actions narrowed the ambit of his appeal. **See** PCRA Court Opinion, 7/22/22, at 13.

The record supports the PCRA court's ruling that Davis did not suffer the complete deprivation of counsel that could support the application of **Cronic**. Contrary to Davis's assertions, direct appeal counsel did not fail to perfect an appeal; rather, he filed an appellate brief containing two claims that this Court reviewed on the merits. Davis has failed to show the complete deprivation of his right to appellate review and may not successfully invoke **Cronic**. **See** **Reed**, 971 A.2d at 1226-27.[2]

Davis's third set of issues challenges the sufficiency of the evidence sustaining his convictions, the infringement of his speedy trial rights, and ineffective assistance of trial and direct appeal counsel. **See** Davis's Brief at 22-24. Though Davis couches his claims as constitutional violations, they raise waived and/or previously litigated claims and repackage his first two claims of ineffectiveness as constitutional violations, notwithstanding the fact that assertions of ineffective assistance, like those he raises in his first two questions presented, are themselves assertions of constitutional violations.

---

[2] Davis's claims would also fail if reviewed under the three-pronged ineffectiveness standard. Davis obtained sentencing relief from the PCRA court. Further, Davis fails to articulate the basis of the suppression and Rule 600/speedy trial claims he identifies and may not prevail on those undeveloped claims. **See** Pa.R.A.P. 2119(a); **Fletcher**, 986 A.2d at 785.

- 12 -

We first address Davis's sufficiency and speedy trial claims. Only certain types of claims are cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2). To be eligible for PCRA relief, a petitioner must plead and prove that his conviction or sentence resulted, *inter alia*, from a constitutional violation that so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place, or ineffectiveness assistance of counsel that had the same effect. 42 Pa.C.S.A. § 9543(a)(2)(i)-(ii). Additionally, the PCRA provides that an issue is waived if the petitioner could have raised it but failed to do so, "before trial . . . [or] . . . on appeal. . .." 42 Pa.C.S.A. § 9544(b). Further, a PCRA petitioner may not relitigate claims previously litigated on direct appeal. *See* 42 Pa.C.S.A. § 9544(a)(2); *see also* 42 Pa.C.S.A. § 9543(a)(3) (requiring a petitioner to plead that his claims have not been previously litigated or waived).

The PCRA court found that Davis's sufficiency claims are not cognizable under the PCRA, and that even if they were, Davis litigated and lost a sufficiency claim on direct appeal, defeating his right to relief on a previously litigated claim. *See* PCRA Court Opinion, 7/22/22, at 14, citing 42 Pa.C.S.A. § 9543(a)(3). The PCRA court's ruling is supported by the evidence and the law. Davis fails to show that he raised a cognizable claim in his PCRA petition

challenging the sufficiency of the evidence.[3]  **See** 42 Pa.C.S.A. § 9543(a)(3), 9544(a)(2).

Davis also alleged the violation of his speedy trial rights and claims the Commonwealth failed to exercise due diligence in bringing him to trial.  **See** Davis's Brief at 22-23.  This claim could have been raised on direct appeal and is therefore not cognizable under the PCRA because it is waived.  **See** 42 Pa.C.S.A. §§ 9543(a)(3), 9544(b); **see also** PCRA Court Opinion 7/22/22, at 14.[4]  Because we have already addressed Davis's ineffectiveness claims, we will not re-address them differently because he asserts that they are of constitutional dimension.

Davis's fourth and final issue asserts that the PCRA court "erred" by failing to grant an evidentiary hearing to perfect the record.  **See** Davis's Brief at 24.  To obtain relief, Davis must prove that a PCRA court's denial of an

---

[3] To the extent Davis attempts to argue that direct appeal counsel ineffectively litigated a sufficiency claim, a claim cognizable under the PCRA, **see** 42 Pa.C.S.A. § 9543(a)(2)(ii), he does not show that a different strategy would have resulted in a different trial result.  Three eyewitnesses identified Davis as the assailant.  **See** N.T., 3/2/17, at 122, 127, 145-46; N.T., 3/3/17, at 9, 103, 106-07.  Moreover, as discussed above, Davis failed to prove his ineffectiveness claim concerning the allegedly suggestive identification.  He thus presents no evidence that would support a finding that prior counsel ineffectively litigated a sufficiency claim.

[4] The PCRA court additionally stated that even if reviewable as a claim of ineffectiveness, Davis's claim would be meritless because he failed to proffer evidence in his PCRA petition that the Commonwealth lacked due diligence in bringing him to trial.  **See id**. at 15.  Thus, he fails to demonstrate that prior counsel was ineffective for failing to raise this claim.

evidentiary hearing constituted an abuse of discretion. *See Commonwealth v. Wilson*, 273 A.3d 13, 18 (Pa. Super. 2022). To do so, he must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief or that the court otherwise abused its discretion in denying a hearing. *See Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). Davis does not assert or prove a disputed issue of material fact. Accordingly, he cannot show the PCRA court abused its discretion in denying an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2023