J-S43035-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN JONES | : | |
| | : | |
| Appellant | : | No. 683 MDA 2023 |

Appeal from the PCRA Order Entered April 12, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005514-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN JONES | : | |
| | : | |
| Appellant | : | No. 684 MDA 2023 |

Appeal from the PCRA Order Entered April 12, 2023
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006180-2016

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                                    **FILED: JUNE 10, 2024**

Appellant, Kevin Jones, appeals *pro se* from the orders of the Court of

Common Pleas of York County that dismissed his first petition under the Post

---

* Retired Senior Judge assigned to the Superior Court.

J-S43035-23

Conviction Relief Act (PCRA)[1] in two consolidated criminal cases. For the reasons set forth below, we affirm the PCRA court's dismissal of Appellant's PCRA petition but do so in substantial part on grounds different than the PCRA court.

The two criminal cases at issue here arose out of separate home invasions in the early morning hours of July 17, 2016 in York, Pennsylvania. In the first case, CP-67-CR-0005514-2016 (CR-5514-2016), a woman (Victim 1) awoke to find a man holding her hand. *Commonwealth v. Jones (Jones I)*, No. 551 MDA 2018, at 1 (Pa. Super. April 17, 2019) (unpublished memorandum). Victim 1 told the man to leave, he left, and after he left, Victim 1 noticed that a bottle of tequila was missing and that a window was open. *Id.* at 1-2. In the second case, CP-67-CR-0006180-2016 (CR-6180-2016), a woman in another house (Victim 2) awoke to find a man in bed with her kissing her, fondling her breasts and trying to penetrate her vagina with his flaccid penis and his hand. *Id.* at 2. When Victim 2 realized that the man was not the man with whom she had consensual sex earlier that night, she demanded that the man identify himself and leave. *Id.* The man replied, "I'm Kevin Jones" and left after asking Victim 2 to give him back a bottle of tequila that he left in her room, which she did. *Id.* Both Victim 1 and Victim 2 called

_____

[1] 42 Pa.C.S. §§ 9541–9546.

the police right after the incidents and identified Appellant as the intruder at trial. *Id.* at 2-3.

The cases were joined and tried together to a jury from October 30, 2017 to November 2, 2017. On November 2, 2017, a jury convicted Appellant of burglary, theft by unlawful taking, and criminal trespass in CR-5514-2016, convicted Appellant of burglary, criminal trespass, indecent assault, and attempted sexual assault in CR-6180-2016, and acquitted Appellant of sexual assault in CR-6180-2016. N.T. Trial at 438-40. On February 28, 2018, the trial court sentenced Appellant to an aggregate term of 12 to 24 years of incarceration in the two cases, consisting of concurrent sentences of 6 to 12 years for burglary and time served to 1 year for theft by unlawful taking in CR-5514-2016 and concurrent sentences of 6 to 12 years for burglary, 5 to 10 years for attempted sexual assault, 1 to 2 years for indecent assault, and $2^1/_2$ to 5 years for criminal trespass in CR-6180-2016, with the sentences in CR-5514-2016 consecutive to the sentences in CR-6180-2016. N.T. sentencing at 13-15.

Appellant timely appealed, arguing that the evidence was insufficient to prove burglary in CR-5514-2016 and that the trial court erred in CR-6180-2016 in applying the Rape Shield Law, 18 Pa.C.S. § 3104, to prohibit Appellant from cross-examining Victim 2 on her prior sexual conduct on the evening of the incident. *Jones I*, No. 551 MDA 2018, at 3-4, 8-9. On April 17, 2019, this Court affirmed Appellant's judgments of sentence. *Id.* at 1, 12. Appellant

did not file a petition for allowance of appeal to the Pennsylvania Supreme Court.

On September 23, 2019, Appellant, acting *pro se*, filed the instant timely PCRA petition. The PCRA court appointed PCRA counsel for Appellant. On March 18, 2021, PCRA counsel filed a **Turner**/**Finley**[2] no-merit letter but did not file a petition to withdraw as counsel at that time. **Commonwealth v. Jones (Jones II)**, Nos. 1611-1612 MDA 2021, at 2 (Pa. Super. August 5, 2022). The PCRA court issued a Pa.R.Crim.P. 907 notice informing Appellant of its intent to dismiss his petition without a hearing on the ground that PCRA counsel had determined that the issues raised in the PCRA Petition are without merit. Rule 907 Notice, 4/12/21. On May 10, 2021, the PCRA court dismissed Appellant's PCRA petition. PCRA Court Order, 5/10/21. Appellant appealed, and this Court, on August 5, 2022, vacated the PCRA court's order for procedural deficiencies and remanded for Appellant's newly appointed PCRA counsel (second PCRA counsel) to file either an amended, counseled PCRA petition or an application to withdraw accompanied by a **Turner**/**Finley** no-merit letter. **Jones II**, Nos. 1611-1612 MDA 2021, at 5-6.

Following the remand, second PCRA counsel filed a **Turner**/**Finley** no-merit letter and petition to withdraw as counsel. In her no-merit letter, second PCRA counsel concluded that none of the following claims of ineffectiveness of

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

trial counsel that Appellant wished to raise had merit: trial counsel's failure to object to charging the jury on attempted sexual assault and appellate counsel's failure to argue that issue on appeal; trial counsel's failure to move before trial in accordance with the Rape Shield Law to allow cross-examination of Victim 2 on her sexual activity; trial counsel's stipulating to a DNA technician's testimony rather than calling her as witness; and trial counsel's actions with respect to addition of a criminal trespass charge. 1/17/23 No-Merit Letter at 3-4. On January 23, 2023, the PCRA court granted second PCRA counsel's petition to withdraw and issued a new Rule 907 notice informing Appellant of its intent to dismiss his PCRA petition without a hearing because none of the issues that Appellant raised had merit. PCRA Court Order, 1/23/23; Rule 907 Notice, 1/23/23. Appellant filed no response to this Rule 907 notice. On April 12, 2023, the PCRA Court dismissed the PCRA petition. PCRA Court Order, 4/12/23.

Appealed timely appealed the dismissal of the PCRA petition, and the PCRA court ordered him to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). PCRA Court Order, 5/8/23. Appellant stated in his Rule 1925(b) statement that he was raising as issues in this appeal all four of the issues analyzed by second PCRA counsel and the following three additional issues: (1) whether second PCRA counsel was ineffective in failing to amend Appellant's PCRA petition to raise a claim of after-discovered evidence regarding a statement given by Victim 2 to police; (2) whether

second PCRA counsel was ineffective by failing to amend the PCRA petition to raise an after-discovered evidence claim regarding alleged false statements in the affidavits of probable cause and alleged false testimony of police officers at trial; and (3) whether second PCRA counsel was ineffective in failing to assert a claim based on an alibi defense. Rule 1925(b) Statement.

The PCRA court in its Rule 1925(a) opinion addressed the four claims considered by second PCRA counsel and found that it was clear from the record that none of these claims had merit. The PCRA court held that Appellant's trial counsel was not ineffective with respect to the attempt instruction because trial counsel had in fact objected to the submission of attempted sexual assault to the jury and that his appellate counsel was not ineffective in failing to argue the issue on appeal because it was without arguable merit. PCRA Court Opinion, 8/3/23, at 11-12. The PCRA court held that Appellant's Rape Shield Law claim failed because it was previously litigated on direct appeal. *Id.* at 12-13. The PCRA court held that Appellant's claim concerning the DNA technician failed because the stipulation concerning her testimony was favorable to Appellant, as it established that Appellant's DNA was not found on any of the samples that were analyzed. *Id.* at 13-14; PCRA Court Opinion, 4/12/23, at 18-20. The PCRA court held that Appellant's criminal trespass charge claim failed because Appellant was sentenced for criminal trespass only in CR-6180-2016 and that the criminal trespass charge was set

forth in the information in that case and was not added. PCRA Court Opinion, 8/3/23, at 14.

The PCRA court, however, did not address any of additional claims in Appellant's Rule 1925(b) statement. Instead, it dismissed these claims on the ground that they were waived, holding that Appellant was barred from raising the claims concerning Victim 2's statement and alleged false statements because he raised them for the first time on appeal and not in a response to the court's Rule 907 notice and that he was barred from raising the alibi issue because he failed to raise it in earlier proceedings. PCRA Court Opinion, 8/3/23, at 8-10.

Appellant's brief does not assert any claims of error in the PCRA court's rulings on the four claims that it addressed on the merits and argues only that it erred in dismissing his three new claims on waiver grounds. Because Appellant makes no argument in his brief that his PCRA claims concerning the attempted sexual assault charge, the Rape Shield Law, the DNA testimony stipulation, and the criminal trespass issue were meritorious or that the PCRA court erred in its analysis of those claims, any claim of error with respect to those claims is waived. ***Commonwealth v. Midgley***, 289 A.3d 1111, 1120 (Pa. Super. 2023); ***Commonwealth v. Taylor***, 277 A.3d 577, 590-91 (Pa. Super. 2022). We therefore affirm the PCRA court's dismissal of those four claims, and the only issues before us are whether Appellant's three new claims

were waived and whether the new claims require that the dismissal of Appellant's PCRA petition be vacated.

We conclude that the PCRA court erred in holding that Appellant's new claims were barred by waiver. All of these claims are claims of ineffectiveness of second PCRA counsel. In *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court held that a defendant may raise claims of ineffective assistance of PCRA counsel for the first time during an appeal from the denial of a timely filed first PCRA petition where the PCRA counsel in question represented the defendant in the PCRA court. *Id.* at 401-05. Here, second PCRA counsel represented Appellant in the proceedings on his first PCRA petition following this Court's remand.

Although the PCRA court granted second PCRA counsel's petition to withdraw on the same day that it issued its Rule 907 notice and Appellant was therefore no longer represented by her when he had the opportunity to respond to the Rule 907 notice, the Supreme Court specifically held in *Bradley* that Rule 907 is an inadequate procedure for raising claims of ineffectiveness of PCRA counsel, even when the defendant is no longer represented by the PCRA counsel in question, and that failure to raise ineffectiveness of PCRA counsel in response to a Rule 907 notice does not waive those claims. 261 A.3d at 397-401. Accordingly, under *Bradley*, Appellant is not barred from raising his claims of ineffectiveness of second PCRA counsel by failure to raise

them earlier and that the ground on which the PCRA court dismissed these claims is legally invalid.[3]

The PCRA court's error, however, does not automatically entitle Appellant to relief. Rather, we must review Appellant's claims of ineffectiveness of second PCRA counsel on the merits. The Supreme Court recognized in **Bradley** that because claims of ineffectiveness of PCRA counsel raised for the first time on appeal have not been addressed by the PCRA court, this Court must determine whether the record is adequate to address those claims and consider whether they should be remanded for further development of the record. 261 A.3d at 402. As the Supreme Court explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness[;] however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

_____

[3] We note that neither the PCRA court in its opinion nor the Commonwealth in its brief discusses or even cites **Bradley**. This failure to acknowledge and consider controlling authority is disturbing, since the most minimal cite-checking of the cases on which the PCRA court relied shows that they were overruled on this issue by **Bradley** and Appellant cited **Bradley** in his brief.

*Id.* (citations, brackets, and quotation marks omitted). Applying this guidance to Appellant's three claims of ineffectiveness assistance of second PCRA counsel, we conclude that none of these claims has set forth a meritorious claim for PCRA relief.

Both Appellant's claim concerning Victim 2's statement and his claim concerning alleged false statements assert that second PCRA counsel was ineffective in failing to raise after-discovered evidence claims. Rule 1925(b) Statement at 1-2. A claim of ineffective assistance of counsel requires proof that the underlying claim that counsel failed to assert had arguable merit. *Commonwealth v. Johnson*, 179 A.3d 1105, 1114-15 (Pa. Super. 2018); *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).[4] "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." *Loner*, 836 A.2d at 132. An after-discovered evidence claim is meritorious only if defendant proves all of the following four elements: (1) the evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the new evidence is not merely cumulative of evidence that was admitted at trial; (3) the new evidence is not

---

[4] To be entitled to relief under the PCRA on a claim of ineffective assistance of counsel, the defendant must prove: (1) that the underlying legal claim has arguable merit; (2) that counsel's action or inaction had no reasonable basis; and (3) that he suffered prejudice as a result of counsel's action or inaction. *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015); *Johnson*, 179 A.3d at 1114. The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Mason*, 130 A.3d at 618; *Johnson*, 179 A.3d at 1114.

being used solely to impeach credibility; and (4) the new evidence would likely result in a different verdict. **Commonwealth v. Cox**, 146 A.3d 221, 228 (Pa. 2016); **Commonwealth v. Sandusky**, 203 A.3d 1033, 1060 (Pa. Super. 2019); **Johnson**, 179 A.3d at 1123.

It is clear from the record that all of the allegedly "after-discovered evidence" on which Appellant bases these two claims was known to Appellant before or at his trial. The statement by Victim 2 that is the subject of Appellant's first claim is a statement that she gave to Detective Hower on July 19, 2016. Rule 1925(b) Statement at 1 & Ex. 1. The trial transcript shows that Appellant was aware of this statement and its contents at trial, as Appellant's counsel repeatedly referred to the statement in cross-examining Victim 2, Appellant's counsel used Detective Hower's report of the statement at trial in cross-examining him, and both the Commonwealth and Appellant's counsel used a transcript of Victim 2's statement to refresh Detective Hower's recollection. N.T. Trial at 144-45, 150-53, 157, 162, 300-04, 309-12; Defendant Ex. 2 at 7; Commonwealth Ex. 20. The items that Appellant asserts are after-discovered evidence in his second claim of PCRA counsel ineffectiveness are likewise all documents appearing on the lower court dockets or documents or other matters discussed at trial. Rule 1925(b) Statement at 2-5 & Exs. 2, 2A, 3; CR-5514-2016 Criminal Complaint, Affidavit of Probable Cause; CR-6180-2016 Criminal Complaint, Affidavit of Probable Cause; N.T. Trial at 209-10, 214-16, 269-89; Defendant Ex. 1 at 5;

Commonwealth Exs. 18, 19. Because the items that Appellant claims that second PCRA counsel should have raised as after-discovered evidence were all known to him at trial, those after-discovered evidence claims could not have any arguable merit. Second PCRA counsel cannot therefore be ineffective for failing to assert them, and Appellant cannot be entitled to relief on those claims.

Appellant's third claim of ineffectiveness of second PCRA counsel fails because he has not alleged any facts sufficient to set forth a claim for relief. In this claim, Appellant merely makes a boilerplate assertion that Second PCRA counsel failed to raise an issue concerning "an alibi defense," without identifying any witness supporting any alibi or stating what the alleged alibi was. Rule 1925(b) Statement at 7. Moreover, the trial record appears to preclude the possibility of an alibi. Appellant was arrested near the scene of both burglaries shortly after they occurred. N.T. at 166-76, 200-02. In addition, Appellant in his statement to police admitted that he was in both of the houses and only disputed some of what occurred in the houses. Commonwealth Ex. 18 at 11-20, 22-23, 25-48.

For the foregoing reasons, we conclude that the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judge King joins this memorandum.

Judge McLaughlin concurs in the result.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 6/10/2024