J-A16042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAMES DALEY :
:
Appellant : No. 193 WDA 2024

Appeal from the PCRA Order Entered October 30, 2023
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000586-2019

BEFORE: KUNSELMAN, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED: November 6, 2024**

James Daley appeals *pro se* from the order dismissing his Post Conviction Relief Act ("PCRA") petition as untimely. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Daley entered a plea of *nolo contendere* to rape of a child less than 13 years of age and rape by forcible compulsion.[1] On January 28, 2020, the trial court sentenced Daley to a term of 240 to 480 months' incarceration for rape of a child and a concurrent term of 66 to 132 months' incarceration for rape by forcible compulsion. He did not file a direct appeal.

Daley filed in the instant *pro se* PCRA petition, his second PCRA petition, on August 7, 2023. Daley claimed constitutional violations and unlawful inducement of his plea. ***See*** Motion for Post Collateral Relief, filed 8/7/23, at

---

[1] 18 Pa.C.S.A. §§ 3121(c) and 3121(a)(1), respectively.

1. Daley did not address the timeliness of his petition. The PCRA court dismissed the petition as untimely on October 30, 2023. Order, 10/30/23. Daley filed a notice of appeal on December 1, 2023. Although this was beyond the 30-day deadline to appeal, we treat this appeal as timely because the docket does not show that Daley was served with the court's order denying his PCRA petition. *See* Pa.R.A.P. 903(a) (stating 30 days to file a timely appeal); Pa.R.Crim.P. 114(C)(2)(c) (stating docket entry for order "shall contain the date of service of the order or court notice"); Pa.R.Crim.P. 907(4) (stating when court dismisses petition without a hearing, the court "shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed"); *Commonwealth v. Midgley*, 289 A.3d 1111, 1117 (Pa.Super. 2023) (considering appeal timely where trial court docket did not reflect service on appellant).

Daley raises the following issue: "Whether the Commonwealth failed to properly review PCRA?" Daley's Br. at 4.

When reviewing the grant or denial of PCRA relief, we determine "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

The time limitations set by the PCRA are jurisdictional and "[w]ithout jurisdiction, we simply do not have the legal authority to address the

substantive claims." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). A petitioner has one year from the date the judgment of sentence becomes final to file a PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Id.*** at § 9545(b)(3). Beyond the one-year deadline, a petitioner must plead and prove a time-bar exception. ***See id.*** at § 9545(b)(1)(i)-(iii). A PCRA petitioner must raise a time-bar exception within one year of the time the petitioner could have first raised it. ***See id.***at § 9545(b)(2).

Daley's judgment of sentence became final on February 27, 2020, after the time to file a direct appeal expired. Pa.R.A.P. 903(a). Therefore, Daley's one-year filing deadline was March 2, 2021. ***See*** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . ., such day shall be omitted from the computation"). Daley filed the subject petition after that deadline. Daley therefore had to plead and prove a time-bar exception.

Daley did not lay claim to any time-bar exception before the PCRA court or this Court. The PCRA court properly dismissed his petition as untimely.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  11/06/2024