J-A17045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHAUN MICHAEL HOWARD | : | |
| | : | |
| Appellant | : | No. 1579 WDA 2024 |

Appeal from the PCRA Order Entered October 23, 2024
In the Court of Common Pleas of McKean County Criminal Division at
No(s): CP-42-CR-0000591-2014

BEFORE: McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: AUGUST 7, 2025**

Appellant, Shaun Michael Howard, appeals *pro se* from the post-conviction court's October 23, 2024 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we vacate the court's order and remand for further proceedings.

The facts of Appellant's underlying convictions are not germane to our disposition of his instant appeal. We only note that Appellant was convicted of various offenses stemming from sexual assaults he committed against his then 11-year-old daughter. On April 29, 2016, Appellant was sentenced to an aggregate term of 45 to 104 years' incarceration. After this Court affirmed his judgment of sentence on appeal, our Supreme Court denied his subsequent petition for permission to appeal on September 19, 2017. ***See***

*Commonwealth v. Howard*, 168 A.3d 293 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 170 A.3d 1054 (Pa. 2017).

Appellant thereafter litigated his first PCRA petition in 2021, which the PCRA court denied. This Court affirmed on appeal, and Appellant did not seek review with the Pennsylvania Supreme Court. *See Commonwealth v. Howard*, 326 A.3d 432 (Pa. Super. 2024) (unpublished memorandum).

Approximately one month after this Court affirmed the denial of his first PCRA petition, Appellant filed a second, *pro se* petition, which underlies his instant appeal. Therein, Appellant claimed that the victim wrote a letter to her mother and stepfather, recanting her claims against Appellant. According to Appellant, the victim's stepfather told a member of Appellant's family, Sarah Howard, about the letter in February of 2024, and Ms. Howard told Appellant about the letter on April 15, 2024. Appellant filed his *pro se* PCRA petition on September 23, 2024, claiming that the letter constitutes a newly-discovered-fact that meets the exception to the PCRA's one-year time-bar set forth in 42 Pa.C.S. § 9545(b)(1)(ii) (stating that any PCRA petition must "be filed within one year of the date the judgment becomes final, unless the petitioner alleges and the petitioner proves that … the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence").

On October 2, 2024, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The trial court docket indicates that the order was served by certified mail on Appellant on

October 4, 2024. However, Appellant did not respond to the Rule 907 notice. On October 23, 2024, the court issued an order denying Appellant's petition. Notably, the trial court's docket does not indicate that the October 23, 2024 order was served on Appellant.

On December 13, 2024, Appellant filed a *pro se* "Motion to Reinstate PCRA *Nunc Pro Tunc*." Therein, he claimed that he did not receive the court's Rule 907 notice, or its final order denying his petition, until December 2, 2024, "due to the Prothonotary['s] failing to include a 'Court Control Number' on the envelope" containing the Rule 907 notice, and because the Prothonotary had "fail[ed] to include Appellant's [n]ame on the envelope" containing the order denying his petition. Motion to Reinstate PCRA *Nunc Pro Tunc*, 12/13/24, at 1-2 (unnumbered). Appellant attached to his motion records from the Pennsylvania Department of Corrections showing that two mailings from the Court of Common Pleas in October of 2024 had been rejected by the prison mail room based on the letters not having a control number or inmate name. **See id.** at Exhibit A. Appellant requested that the PCRA court reinstate the post-conviction proceedings and allow him to file a Rule 907 response *nunc pro tunc*. **See id.** at 3 (unnumbered).

According to the PCRA court, it was "in the process of addressing [Appellant's] 'Motion to Reinstate PCRA *[N]unc [P]ro [T]unc*' … and had drafted an Order directing the Commonwealth to file an Answer to it within [seven] days." PCRA Court Opinion (PCO), 12/20/24, at 3. However, "before that Order was docketed[,]" **id.** at 3-4, Appellant filed a *pro se* notice of appeal

on December 19, 2024, from the court's October 23, 2024 order denying his petition.[1]

On December 20, 2024, the PCRA court filed a Pa.R.A.P. 1925(a) opinion. Therein, the court recounted the procedural history set forth above, and stated that "if … Appellant's assertions that he did not receive the [Rule 907 n]otice of [d]ismissal until December 2, 2024," are true, "there could be [a] basis to support his request to be afforded the opportunity" to respond to the Rule 907 notice now. PCO at 4. In his appellate brief, Appellant solely argues that there was "a breakdown in the operation of the [c]ourt" that deprived him of the opportunity to respond to the PCRA court's Rule 907 notice, and asks that we remand and reinstate his right to respond to that notice *nunc pro tunc*. For its part, the Commonwealth concedes that Appellant

---

[1] Appellant filed his notice of appeal more than 30 days after the order dismissing his PCRA petition was docketed. **See** Pa.R.A.P. 903(a). However, as stated *supra*, the trial court docket does not indicate that Appellant was served with the October 23, 2024 order denying his PCRA petition, which the Rules of Criminal Procedure require. **See** Pa.R.Crim.P. 114(B)(1) ("A copy of any order or court notice promptly shall be served on each party's attorney, **or the party if unrepresented**.") (emphasis added). Rule 114(C) provides that trial court criminal docket entries shall contain, *inter alia*, "the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2)(c); **see also Commonwealth v. Hess**, 810 A.2d 1249, 1253 (Pa. 2002) (noting that Rule 114's language leaves no question that trial court clerk's obligations regarding docket entries are not discretionary). This Court has held that "[w]here the trial court docket in a criminal case does not indicate service on a party or the date of service, we will not quash the appeal or require further proceedings. Rather, we will treat the time in which to take an appeal as never having started to run and treat the appeal as timely." **Commonwealth v. Midgley**, 289 A.3d 1111, 1117 (Pa. Super. 2023). Accordingly, we will consider the instant appeal as timely filed.

"has set forth some materials" to support his allegation that there was "a breakdown in the system in which mail is accepted at the prison[,]" and it acknowledges that "the PCRA [c]ourt was already considering the motion he filed[,] although it was untimely." Commonwealth's Brief at 3. Accordingly, the Commonwealth concludes that remand is warranted. ***See id.***

We agree. This Court has explained that,

[t]he purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment.

***Commonwealth v. Smith***, 121 A.3d 1049, 1054 (Pa. Super. 2015) (cleaned up). We also recognize, however, that this Court has also declared that,

[a] PCRA court's failure to comply with the dictates of Rule 907(1) before dismissing a petition is not automatically reversible error. If the petitioner cannot establish that he was prejudiced by the defective procedure, no relief is warranted. For example, failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely.

***Commonwealth v. Pridgen***, 305 A.3d 97, 102 (Pa. Super. 2023), *appeal denied*, 318 A.3d 97 (Pa. 2024).

Here, we cannot conclude that the record is "clear" that Appellant's petition is untimely, where he is unequivocally pleading the applicability of a timeliness exception, and he did not have the opportunity to respond to the court's Rule 907 notice to attempt to convince the court that, at the very least,

a hearing on his petition is warranted.[2]  Moreover, Appellant presented documentary support for his claim that a breakdown in the operations of the court occurred that resulted in his not receiving the court's Rule 907 notice, and neither the PCRA court nor the Commonwealth object to our remanding for further proceedings.  Therefore, we vacate the court's order denying Appellant's petition, and remand for him to file a *nunc pro tunc* response to the court's Rule 907 notice within 20 days of the date on which he is served with this memorandum decision.

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/7/2025

---

[2] We note that if Appellant could demonstrate, in a response to the Rule 907 notice, that an evidentiary hearing is necessary, he will also be entitled to the appointment of counsel.  *See* Pa.R.Crim.P. 904(D) ("On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, and an evidentiary hearing is required as provided in Rule 908, the judge shall appoint counsel to represent the defendant.").